**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARMANDO DIONAMPO BAJACAN, | No. 10-73577 |
| Petitioner, | Agency No. A079-367-207 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 19, 2014
San Francisco, California

Before: GOULD, WATFORD, and FRIEDLAND, Circuit Judges.

**1.** We lack jurisdiction over Armando Bajacan's petition for review of the

Board of Immigration Appeals' (BIA) decision denying the I-130 visa petition that

his wife had filed on his behalf. That petition does not challenge a final order of

removal directly. *See* 8 U.S.C. § 1252(a); *Alcala v. Holder*, 563 F.3d 1009, 1013

(9th Cir. 2009) ("The carefully crafted congressional scheme governing review of

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

decisions of the BIA limits this court's jurisdiction to the review of final orders of removal."). Nor is the challenge "inextricably linked" to his removal order. *See Morales-Izquierdo v. Dep't of Homeland Sec.*, 600 F.3d 1076, 1082–83 (9th Cir. 2010). Were Bajacan to succeed on the merits of his visa petition challenge, his removal order would still stand. *See Singh v. Holder*, --- F.3d ---, 2014 WL 5861965, at *1 (9th Cir. Nov. 13, 2014) (noting that, without reopening, petitioner was still subject to a final order of removal, even though he had received an immediate relative visa).

**2.** The BIA did not abuse its discretion in affirming the Immigration Judge's denial of Bajacan's motion for a sixth continuance. *See Cui v. Mukasey*, 538 F.3d 1289, 1290 (9th Cir. 2008). Bajacan had already been granted five continuances; the Department of Homeland Security, which had not opposed the previous continuances, had objected to the sixth; and Bajacan had not established prima facie eligibility for adjustment of status. *See id.* at 1292 (discussing non-exhaustive factors in evaluating a denial of a motion for a continuance); *Ahmed v. Holder*, 569 F.3d 1009, 1013, 1015 (9th Cir. 2009) (considering lack of government opposition to a continuance, inconvenience to the immigration judge, and prima facie eligibility for adjustment of status in evaluating whether denying a continuance was an abuse of discretion). It is true that other factors weighed in

Bajacan's favor—a successful visa appeal would likely have been important to his removal proceedings, and Bajacan's conduct in pursuing a continuance to await his visa petition appeal seemed reasonable. *See Ahmed*, 569 F.3d at 1012–13. But these factors are insufficient for us to find a "clear abuse" of discretion. *See Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1247 (9th Cir. 2008) (internal quotation marks omitted). Nor are these factors sufficient to find that the proceedings were "so fundamentally unfair" that the denial of the continuance constituted a due process violation. *See Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) (internal quotation marks omitted).

**3.** Bajacan also challenged the denial of his motion to remand to await the outcome of his visa petition appeal before the BIA. Because that appeal was denied, his challenge is moot.

**DISMISSED IN PART; DENIED IN PART.**