Eduardo Francisco SILVA–TORO;
Marlene Silva, Petitioners

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent

No. 00–71556.

I&NS Nos. A70–552–901, A70–552–902.

United States Court of Appeals,
Ninth Circuit.

Submitted June 11, 2001.*

Decided June 27, 2001.

---

* The Honorable Ronald M. Whyte, United
States District Judge for the Northern District
of California, sitting by designation.

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a). Accordingly, Silva–Toro's
motion for oral argument is denied.

Before O'SCANNLAIN, SILVERMAN, and GOULD, Circuit Judges.

## MEMORANDUM **

Eduardo Silva–Toro and Marlene Silva, citizens of Peru, petition for review of the final order of the Board of Immigration Appeals ("BIA"), which denied their petitions for asylum and withholding of deportation. Silva–Toro also appeals the denial of his petition for voluntary departure. The facts and prior proceedings are known to the parties; they are not restated herein except as necessary.

### I

Substantial evidence supports the BIA's decision that Silva–Toro is statutorily ineligible for asylum, because the record indicates that he assisted in the persecution of others in a particular social group. No refugee will receive asylum if he "ordered, incited, assisted, or otherwise participated in the persecution of any member on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 C.F.R. § 208.13(c)(2)(i)(E) (2000). *See Laipenieks*

v. *INS*, 750 F.2d 1427, 1431 (9th Cir.1985) (In deportation case, culpability is not limited to those who persecute others with their own hands).

### II

Substantial evidence supports the BIA's finding that Silva is ineligible for asylum, because her fear of future persecution is based on her marriage to Silva–Toro, and not on a cognizable ground for asylum. One has a well-founded fear of persecution if, upon returning to her country of nationality, she would be persecuted on account of her race, religion, nationality, membership in a particular social group, or political opinion. 8 C.F.R. § 208.13(b)(2)(i)(A) (2000). Fear of purely personal retribution is not a cognizable basis for asylum. *Grava v. INS*, 205 F.3d 1177, 1181 (9th Cir.2000).

### III

The BIA did not abuse its discretion in denying Silva–Toro the privilege of voluntary departure given the record of his participation in the persecution of others. *See Cheo v. INS*, 162 F.3d 1227, 1230 (9th Cir.1998).

PETITION DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.