Eduardo Francisco SILVA–
TORO, Petitioner,

v.

Loretta E. LYNCH, Attorney
General, Respondent.

Nos. 12–70999, 12–74090.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 9, 2016.

Filed March 21, 2016.

Nikhil M. Shah, I, Esquire, General, Law Offices of Nikhil M. Shah, Los Angeles, CA, for Petitioner.

Joseph D. Hardy, Jr., Esquire, Trial, Juria L. Jones, Trial, OIL, U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: BERZON, DAVIS *, and OWENS, Circuit Judges.

## MEMORANDUM **

Eduardo Francisco Silva–Toro seeks review of the March and November 2012 decisions of the Board of Immigration Appeals ("BIA"), which denied his January and October 2012 motions to reopen deportation proceedings and to reconsider the BIA's determination that he is ineligible for asylum or withholding of removal. We dismiss in part and deny in part Silva–Toro's petitions for review.

We review the denial of a motion to reopen or reconsider for abuse of discretion. *Cano–Merida v. INS,* 311 F.3d 960, 964 (9th Cir.2002). "The BIA abuses its discretion when it acts arbitrarily, irrationally, or contrary to the law, and when it fails to provide a reasoned explanation for its actions." *Singh v. Holder,* 771 F.3d 647, 650 (9th Cir.2014) (quoting *Tadevosyan v. Holder,* 743 F.3d 1250, 1252–53 (9th Cir.2014)).

■ Silva–Toro first contends that the BIA improperly construed the portion of his January 2012 motion challenging his classification as a persecutor as a motion to reconsider rather than as a motion to reopen. Silva–Toro did not purport to present any new evidence pertaining to his persecutor designation with this motion; instead, he suggested that the BIA had erred as a matter of law or fact by concluding that he had assisted in persecution. Accordingly, the BIA did not abuse its discretion in construing this portion of Silva–Toro's January 2012 motion as a motion to reconsider. *See Iturribarria v. INS,* 321 F.3d 889, 896 (9th Cir.2003) (recognizing that "[t]he purpose of a motion to reopen is to present new facts or evidence that would entitle the alien to relief from deportation," while "the purpose of a motion to reconsider is not to raise *new* facts, but rather to demonstrate that the IJ or the BIA erred as a matter of law or fact" (alteration omitted) (quoting *Socop–Gonzalez v. INS,* 272 F.3d 1176, 1180 & n. 2 (9th Cir.2001) (en banc))).

---

* The Honorable Andre M. Davis, Senior Circuit Judge for the U.S. Court of Appeals for the Fourth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

■ Silva–Toro next argues that the BIA erred in denying his January 2012 motion to reconsider the BIA's determination that he was a persecutor. The BIA acts within its discretion when it denies a motion to reconsider that fails to identify any error of law or fact in the BIA's prior decision. *See* 8 C.F.R. § 1003.2(b)(1). In Silva–Toro's case, this Court previously affirmed the BIA's determination that Silva–Toro was a persecutor-that is, this Court has already held that the BIA did not err in concluding that Silva–Toro had participated in the persecution of members of the Shining Path. *See Silva–Toro v. INS,* 13 Fed.Appx. 557, 558 (9th Cir.2001) (unpublished). In light of this previous decision and the fact that Silva–Toro's motion to reconsider, by definition, did not present any new evidence that could have altered this analysis, we hold that the BIA did not abuse its discretion in denying this portion of Silva–Toro's January 2012 motion.

■ Even if this Court had not already decided the issue, we would nonetheless hold that there was no abuse of discretion, as Silva–Toro failed to identify any record evidence in his January 2012 motion that suggested that he was not actively or personally involved in persecution. To the extent that Silva–Toro challenges the BIA's decision not to reconsider his persecutor status sua sponte, we lack jurisdiction to consider this factual issue. *See Mejia–Hernandez v. Holder,* 633 F.3d 818, 823–24 (9th Cir.2011) (citing *Ekimian v. INS,* 303 F.3d 1153, 1159 (9th Cir.2002)).

■ Silva–Toro also contends that the BIA erred in denying the challenge to his persecutor status in his October 2012 motion, which the BIA properly construed as a motion to reopen proceedings. "A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not

have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1); *see Ordonez v. INS,* 345 F.3d 777, 785 (9th Cir.2003). The evidence Silva–Toro submitted with his October 2012 motion indicates that Peruvian law generally requires military service, that there are penalties for those who leave the military without prior approval, and that conflict continues between Shining Path members and Peruvian troops.

Aside from the news articles on recent clashes in Peru, which do not speak to Silva–Toro's past actions, none of the newly submitted evidence was previously undiscoverable or could not have been presented at Silva–Toro's 1993 deportation hearing. It goes without saying that the laws that governed conscription and that prescribed punishment for military deserters during Silva–Toro's time in the Peruvian armed forces existed at that time and are not newly discoverable. Indeed, as Silva–Toro now argues that these laws were the reason for his actions against the Shining Path, he cannot—and does not—contend that he did not know about them before his deportation hearing. Thus, the BIA acted within its discretion when it denied Silva–Toro's October 2012 motion to reopen. Likewise, to the extent that Silva–Toro's October 2012 motion in fact sought reconsideration of the denial of his January 2012 motion to reconsider, 8 C.F.R. § 1003.2(b)(2) precluded him from seeking this relief.

It is true that the BIA did not expressly state in its November 2012 decision that it had determined that Silva–Toro's newly submitted evidence was not material or that it could not have been discovered or presented earlier. Accordingly, Silva–Toro argues that the BIA abused its discretion by denying his motion without providing a reasoned explanation. This Court has recognized that, although the BIA

must not misstate the record or fail to mention "highly probative or potentially dispositive evidence," it need not discuss each piece of evidence that a party submits. *Cole v. Holder*, 659 F.3d 762, 771–72 (9th Cir.2011). As Silva–Toro's newly submitted evidence was neither highly probative nor potentially dispositive, the BIA did not need to discuss it expressly. More to the point, the BIA did in fact state its reasons for denying Silva–Toro's motion—chiefly, that "[t]he respondent essentially reiterates the same claims that [the BIA] considered and rejected in his previous motion to reopen." Given the broad discretion afforded to the BIA and the nature of Silva–Toro's "new" evidence, which was plainly not new at all, we hold that the BIA's explanation was sufficient and that it did not abuse its discretion by failing to provide a reasoned explanation.

■ Next, Silva–Toro maintains that the BIA abused its discretion in March 2012 by denying the portion of his January 2012 motion that sought to reopen proceedings to allow him to apply for deferral of removal under the Convention Against Torture ("CAT"). Although a persecutor is ineligible for withholding of removal under the CAT, such an individual may be eligible for a temporary deferral of removal upon showing that, "if removed to his native country, it is more likely than not that he would be tortured by public officials, or by private individuals with the government's consent or acquiescence." *Oyeniran v. Holder*, 672 F.3d 800, 803 (9th Cir.2012) (quoting *Afridi v. Gonzales*, 442 F.3d 1212, 1221 (9th Cir.2006)); *see* 8 C.F.R. § 1208.18. The government is deemed to have acquiesced when "public officials were aware of the torture but 'remained willfully blind to it, or simply stood by because of their inability or unwillingness to oppose it.'" *Oyeniran*, 672 F.3d at 803 (quoting *Bromfield v. Mukasey*, 543 F.3d 1071, 1079 (9th Cir.2008)).

Although the news articles that Silva–Toro submitted describe ongoing conflict between the Shining Path and Peruvian troops, they provide little indication that the Peruvian government is unable or unwilling to stop attacks by the Shining Path such that the government may be said to be acquiescing in torture. To the contrary, the articles demonstrate that the Peruvian government continues to oppose the Shining Path. *Cf. Santos–Lemus v. Mukasey*, 542 F.3d 738, 748 (9th Cir.2008) (denying petition for review based on CAT claim due to insufficient showing of acquiescence), *abrogated on other grounds by Henriquez–Rivas v. Holder*, 707 F.3d 1081, 1092–94 (9th Cir.2013). Moreover, these articles, coupled with Silva–Toro's statements that he was targeted by the Shining Path prior to leaving Peru in 1988, do not compel the conclusion that Silva–Toro will more likely than not be tortured upon returning to Peru. Accordingly, the BIA did not abuse its discretion in denying Silva–Toro's motion to reopen under the CAT.

Lastly, Silva–Toro contends that the BIA erred in denying his January 2012 and October 2012 motions as untimely and number-barred. Because we hold that the BIA acted within its discretion in denying Silva–Toro's motions on the merits, we need not address Silva–Toro's contention that his motions were procedurally valid. *See INS v. Abudu*, 485 U.S. 94, 104, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988) (recognizing that failure to establish a prima facie case for underlying substantive relief is an independent ground upon which the BIA may deny a motion to reopen).

**PETITIONS DISMISSED IN PART AND DENIED IN PART.**