**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| TARLOCK SINGH, AKA Tarlochan Singh, *Petitioner*, v. ERIC H. HOLDER, JR., Attorney General, *Respondent*. | No. 09-73798 Agency No. A073-133-622 |

| | |
|---|---|
| TARLOCK SINGH, AKA Tarlochan Singh, *Petitioner*, v. ERIC H. HOLDER, JR., Attorney General, *Respondent*. | No. 10-72626 Agency No. A073-133-622 OPINION |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
September 12, 2014—San Francisco, California

Filed November 13, 2014

Before:  Raymond C. Fisher, Marsha S. Berzon
and Morgan Christen, Circuit Judges.

Opinion by Judge Fisher

## SUMMARY[*]

### Immigration

Declining to accord deference to the Board of Immigration Appeals' published decision in *Matter of Yauri*, 25 I. & N. Dec. 103 (BIA 2009), the panel granted a petition for review of the denial of a motion to reopen, and held that the Board has authority to reopen proceedings of an arriving alien who is under a final order of removal in order to afford the alien an opportunity to pursue an adjustment of status application before United States Citizenship and Immigration Services.

The panel explained that the Board's authority to reopen proceedings in this situation is granted, at minimum, by the unambiguous language of 8 C.F.R. § 1003.2(a), which states that "[t]he Board may at any time reopen or reconsider on its own motion any case in which it has rendered a decision." The panel held that the Board's contrary holding in *Matter of Yauri* contravenes the regulation's plain language and this

[*] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

court's decision in *Kalilu v. Holder*, 548 F.3d 1215 (9th Cir. 2008).

The panel held that 8 C.F.R. § 1003.2(f), which governs the Board's authority to grant a stay of removal, does not restrict the Board's broad power to grant a motion to reopen in any case or suggest in any way that the Board should refrain from reopening proceedings for the purpose of affording an alien the opportunity to pursue relief from removal before another agency.

Because the Board concluded that it lacked authority to reopen proceedings, the panel held that the Board legally erred and abused its discretion. The panel remanded for an exercise of the Board's discretion whether to reopen proceedings.

---

## COUNSEL

Zachary Miller Nightingale, Avantika Shastri (argued) and Amalia Margarete Wille, Van Der Hout, Brigagliano & Nightingale, LLP, San Francisco, California; Babak Pourtavoosi, Jackson Heights, New York, for Petitioner.

Blair T. O'Connor (argued), Assistant Director; Remi Da Rocha-Afodu, Attorney; Tony West, Assistant Attorney General, Civil Division; Holly M. Smith, Senior Litigation Counsel, United States Department of Justice, Office of Immigration Litigation, Washington, D.C., for Respondent.

---

## OPINION

FISHER, Circuit Judge:

For the second time in six years, we hold that the Board of Immigration Appeals has authority to reopen proceedings of an alien who is under a final order of removal in order to afford the alien an opportunity to pursue an adjustment of status application before United States Citizenship and Immigration Services. *See Kalilu v. Mukasey*, 548 F.3d 1215, 1217–18 (9th Cir. 2008). This authority is granted, at minimum, by the unambiguous language of 8 C.F.R. § 1003.2(a), which states that "[t]he Board may at any time reopen or reconsider on its own motion any case in which it has rendered a decision." Because the Board's contrary holding in *Matter of Yauri*, 25 I. & N. Dec. 103 (BIA 2009), contravenes this regulation's plain language, we accord it no deference and decline to follow it.

## BACKGROUND

In 2008, an immigration judge (IJ) found the petitioner, Tarlochan Singh, excludable from the United States, denied Singh's requests for asylum, withholding of removal and relief under the Convention Against Torture and ordered that he be excluded and deported from the country. Singh appealed the IJ's decision to the Board of Immigration Appeals (BIA or Board), and the Board dismissed Singh's appeal, making Singh subject to an administratively final order of removal. *See Ocampo v. Holder*, 629 F.3d 923, 928 (9th Cir. 2010); 8 U.S.C. § 1101(a)(47)(B); 8 C.F.R. § 1241.1(a).

Ninety days later, in February 2010, Singh filed a timely motion to reopen his exclusion proceedings. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (providing that a motion to reopen is timely when filed within 90 days of the date of entry of a final administrative order of removal); 8 C.F.R. § 1003.2(c)(2) (same). In his moving papers, Singh explained that he had married Patricia Kay Singh, a United States citizen, in January 2009. In June 2009, Ms. Singh had filed an immigration visa petition on Singh's behalf, and in August 2009, United States Citizenship and Immigration Services (USCIS) had approved the petition. Accordingly, in November 2009, Singh had filed an application for adjustment of status with USCIS, seeking to adjust his status to that of legal permanent resident. Singh argued that the Board should reopen and continue his exclusion proceedings to afford him an opportunity to pursue his adjustment of status application before USCIS without the risk of being removed. Reopening would have protected Singh from removal because "the grant of a motion to reopen automatically vacates" a removal order. *Plasencia-Ayala v. Mukasey*, 516 F.3d 738, 745–46 (9th Cir. 2008), *overruled on other grounds by Marmolejo-Campos v. Holder*, 558 F.3d 903 (9th Cir. 2009) (en banc). Without reopening, Singh remains subject to a final order of removal and could be removed from the United States. If removed, his adjustment of status application would be deemed abandoned, *see* 8 C.F.R. § 245.2(a)(4)(ii)(A), and he would be precluded from reapplying for adjustment of status until he returned to the United States, which he could not do for 10 years, *see* 8 U.S.C. § 1182(a)(9)(A)(ii)(II); 8 C.F.R. § 245.1(a). *See Kalilu*, 548 F.3d at 1218.

The BIA nonetheless denied Singh's motion to reopen. Relying on its precedential decision in *Matter of Yauri*, 25 I.

& N. Dec. 103, decided after *Kalilu*, the Board ruled that "we do not have authority to reopen proceedings of aliens who are under a final order of exclusion to pursue an adjustment application where we have no jurisdiction over the adjustment application." The Board suggested that Singh should request a stay of removal from the Department of Homeland Security (DHS), the agency, acting through USCIS, with jurisdiction over his adjustment application.[1] Singh timely petitioned for review.

## JURISDICTION

The denial of a motion to reopen is a final administrative decision subject to our judicial review. *See Oyeniran v. Holder*, 672 F.3d 800, 805 (9th Cir. 2012). Our jurisdiction arises under 8 U.S.C. § 1252. *See Meza-Vallejos v. Holder*, 669 F.3d 920, 923 (9th Cir. 2012).

We held in *Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir. 2002), that we lack jurisdiction to review a BIA decision not to reopen proceedings sua sponte under 8 C.F.R. § 3.2(a), now 8 C.F.R. § 1003.2(a). *See also Sharma v. Holder*, 633 F.3d 865, 874 (9th Cir. 2011); *Minasyan v. Mukasey*, 553 F.3d 1224, 1229 (9th Cir. 2009); *Toufighi v. Mukasey*, 538 F.3d 988, 993 n.8 (9th Cir. 2008); *Abassi v. INS*, 305 F.3d 1028, 1032 (9th Cir. 2002). That jurisdictional bar, however, rests on the absence of a judicially manageable standard for us to evaluate the BIA's *exercise of discretion* in ruling on a motion to reopen. *See Ekimian*, 303 F.3d at 1159. Where, as here, the BIA concludes that it lacks the *authority*

---

[1] DHS possesses the authority to grant a stay of removal under 8 C.F.R. §§ 241.6(a) and 1241.6(a), although Singh asserts that DHS's denial of a stay is not subject to judicial review.

to reopen, rather than denying a motion to reopen as an exercise of discretion, we hold that *Ekimian* does not preclude our jurisdiction.[2]

## STANDARD OF REVIEW

We review the denial of a motion to reopen for an abuse of discretion. *See Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002). "The BIA abuses its discretion when it acts arbitrarily, irrationally, or contrary to the law, and when it fails to provide a reasoned explanation for its actions." *Tadevosyan v. Holder*, 743 F.3d 1250, 1252-53 (9th Cir. 2014) (internal quotation marks omitted).

"An agency's interpretation of its own regulation is 'controlling' if it is not 'plainly erroneous or inconsistent' with the regulation." *L.A. Closeout, Inc. v. Dep't of Homeland Sec.*, 513 F.3d 940, 942 (9th Cir. 2008) (quoting *Auer v. Robbins*, 519 U.S. 452, 461 (1997)). Thus, "we defer to the agency's interpretation . . . unless an alternative reading is *compelled* by the regulation's plain language or by other indications of the [agency's] intent at the time of the regulation's promulgation." *Id.* (alteration in original) (quoting *Bassiri v. Xerox Corp.*, 463 F.3d 927, 931 (9th Cir. 2006)) (internal quotation marks omitted).

---

[2] It is not clear whether the BIA denied Singh's motion to reopen under § 1003.2(a), under § 1003.2(c) or under both of these provisions. Regardless, we have jurisdiction to review the BIA's decision even if it acted solely under § 1003.2(a); the government does not argue to the contrary.

**DISCUSSION**

In his petition for review, Singh contends the BIA abused its discretion when it concluded that it lacked authority to reopen his exclusion proceedings. We agree. Because the BIA denied Singh's motion to reopen in reliance on its precedential decision in *Matter of Yauri*, we begin by summarizing that decision.

In 2003, the BIA entered a final administrative order in Yauri's removal proceedings, dismissing Yauri's appeal from the immigration judge's decision. *See Matter of Yauri*, 25 I. & N. Dec. at 103. Four years later, Yauri filed an untimely motion to reopen, arguing that the Board should reopen her removal proceedings and then continue them indefinitely so she could pursue an application for adjustment of status before USCIS without being subject to a final order of removal. *See id.* at 103–04. Because her motion was untimely, Yauri urged the Board to use its authority to reopen her removal proceedings sua sponte under 8 C.F.R. § 1003.2(a). *See id.* at 104. That regulation states that "[t]he Board may at any time reopen or reconsider on its own motion any case in which it has rendered a decision." 8 C.F.R. § 1003.2(a). Motions to reopen under § 1003.2(c), by contrast, generally must be filed within 90 days. *See id.* § 1003.2(c)(2).

The Board denied Yauri's motion to reopen. It began by noting that, because Yauri was an arriving alien rather than an admitted one, only USCIS, not an immigration judge or the BIA, had jurisdiction over Yauri's application for adjustment of status. *See Matter of Yauri*, 25 I. & N. Dec. at 107 (citing 8 C.F.R. § 245.2(a)(1)). Next, the Board reasoned that, although Yauri had filed a motion to *reopen* and *continue* her

removal proceedings pending USCIS' consideration of her adjustment application, Yauri effectively was seeking "a *stay* of removal pending adjudication of an application by the USCIS." *Id.* at 108–09 & n.4 (emphasis added). Thus, rather than asking whether it had authority to reopen and continue Yauri's proceedings, the Board asked whether it had statutory or regulatory authority to issue a "stay" of removal. *See id.* at 108–10.

The Board held that it lacked such authority. It reasoned that the sole source of its authority to enter a stay of removal was found in 8 C.F.R. § 1003.2(f) and concluded that § 1003.2(f) did not authorize a stay of removal for purposes of pursuing an application for adjustment of status before another agency. *See id.* at 109.[3] The Board said:

> We do not view the Board's authority to consider stays of execution of final orders, which we have been granted under Federal regulations, to extend this far. In particular, we have been granted limited stay authority under the regulations, which is almost

---

[3] Section 1003.2(f) states:

> Stay of deportation. Except where a motion is filed pursuant to the provisions of §§ 1003.23(b)(4)(ii) and 1003.23(b)(4)(iii)(A), the filing of a motion to reopen or a motion to reconsider shall not stay the execution of any decision made in the case. Execution of such decision shall proceed unless a stay of execution is specifically granted by the Board, the Immigration Judge, or an authorized officer of the Service.

8 C.F.R. § 1003.2(f).

> exclusively tied to pending motions before the Board. 8 C.F.R. § 1003.2(f). Under that authority, if there is no automatic stay under the regulations, we may determine whether to grant a stay of execution of the final deportation or removal order while we consider the motion that is pending before us. *Id.* Likewise, an Immigration Judge also has authority to stay execution of a final order while a motion is pending before the Immigration Court. 8 C.F.R. § 1003.23(b)(1)(v) (2009). The stay authority granted to the Board and Immigration Judges does not provide general authority to grant stays of administratively final orders in conjunction with matters over which we have no authority. Rather, the limited stay authority provides the opportunity to stay proceedings while a pending motion is adjudicated. That stay authority also terminates upon adjudication of the pending motion.

*Id.* On the strength of this reasoning, the Board concluded that it had "not been granted authority to reopen the proceedings of respondents who are under a final administrative order of removal to pursue matters that could affect their removability if we have no jurisdiction over such matters." *Id.* at 110.

We decline to follow *Yauri*. As noted, we are bound to follow an agency's reasonable interpretations of its own regulations, but we do not defer to an agency's interpretation when it is contrary to the plain language of the regulation.

*See Lal v. INS*, 255 F.3d 998, 1004, *amended by* 268 F.3d 1148 (9th Cir. 2001).    That is the case here.    Section 1003.2(a) plainly and unambiguously states that "[t]he Board may at *any time* reopen or reconsider on its own motion *any case* in which it has rendered a decision."    8 C.F.R. § 1003.2(a) (emphasis added).    The Board therefore had authority to reopen Singh's proceedings under § 1003.2(a).

Section 1003.2(f), upon which the BIA relied in *Yauri*, is not to the contrary.    By its plain language, that provision simply gives the Board authority to grant a stay of removal while a motion to reopen is pending – after the motion has been filed but before it has been acted on by the BIA.    The provision does not restrict the BIA's broad power to grant a motion to reopen in any case or suggest in any way that the BIA should refrain from reopening proceedings for the purpose of affording an alien the opportunity to pursue relief from removal before another agency.    On the contrary, subsections 1003.2(a) and (f) are fully consistent with BIA's broad authority to grant motions to reopen in any case.

The Board's conclusion that it lacks the authority to reopen Singh's case is also contrary to our decision in *Kalilu*. There, as here, the Board denied the petitioner's timely motion to reopen, concluding that it lacked jurisdiction to reopen because USCIS, rather than the immigration court, had jurisdiction over the petitioner's adjustment of status application.    *See Kalilu*, 548 F.3d at 1217–18.    We rejected the BIA's conclusion that it lacked jurisdiction to reopen the petitioner's case, holding that "the BIA's denial of Petitioner's motion to reopen solely on jurisdictional grounds constitutes an abuse of discretion," *id.*, and remanding for the Board to exercise its discretion, *see id.* at 1218.    In *Yauri*, the Board declined to follow *Kalilu*, concluding that the decision

did not speak directly to the Board's authority to reopen for the purpose of effecting a stay. *See Matter of Yauri*, 25 I. & N. Dec. 108 n.3. We disagree.

*Kalilu* specifically held that the Board had jurisdiction to grant a motion to reopen "in order to provide time for USCIS to adjudicate a pending application" for adjustment of status. *Kalilu*, 548 F.3d at 1218. *Yauri*'s rationale for disregarding *Kalilu* therefore constitutes legal error. Given that the BIA ordinarily "follows the law of the circuit in which an individual case arises," *Jama v. Immigration & Customs Enforcement*, 543 U.S. 335, 350 n.10 (2005); *see also Matter of K-S-*, 20 I. & N. Dec. 715, 718 (BIA 1993); *Matter of Anselmo*, 20 I. & N. Dec. 25, 31–32 (BIA 1989), the BIA has failed to adequately explain its decision not to follow *Kalilu* in Singh's case. *See Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005) ("We have long held that the BIA abuses its discretion when it fails to provide a reasoned explanation for its actions.").

In holding that the BIA had authority to reopen Singh's case under § 1003.2(a), we do not suggest this was necessarily the sole source of the BIA's authority to reopen. Because Singh's motion was timely, the Board may have had authority to reopen under § 1003.2(c) as well. That provision recognizes that, at least under some circumstances, a motion to reopen may be filed "for the purpose of affording the alien an opportunity to apply for any form of discretionary relief." 8 C.F.R. § 1003.2(c)(1). Adjustment of status is a form of discretionary relief. *See Hernandez v. Ashcroft*, 345 F.3d 824, 845 (9th Cir. 2003); *Eligibility of Arriving Aliens in Removal Proceedings To Apply for Adjustment of Status*, 71 Fed. Reg. 27,585, 27,588 (May 12, 2006). Indeed, the BIA has long recognized its authority to reopen a case to

permit an alien to pursue an adjustment of status application, even when a portion of the application – the visa petition – is to be adjudicated by USCIS rather than by an immigration judge. *See Matter of Hashmi*, 24 I. & N. Dec. 785, 788 (BIA 2009); *Matter of Garcia*, 16 I. & N. Dec. 653, 657 (BIA 1978), *modified on other grounds by Matter of Arthur*, 20 I. & N. Dec. 475 (BIA 1992), *abrogated as recognized in Tadevosyan v. Holder*, 743 F.3d 1250, 1253 (9th Cir. 2014). Here, however, we need not address the Board's authority to reopen under § 1003.2(c). Because the Board had authority to reopen under § 1003.2(a), the Board's denial of Singh's motion to reopen on jurisdictional grounds was legal error, and is alone sufficient reason to grant Singh's petition for review.

The government argues the BIA's error in ruling that it lacked authority to reopen Singh's case was harmless because the BIA could have denied Singh's motion as an exercise of discretion. We may uphold a decision of the BIA, however, solely on the grounds given by the agency. *See Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency. If we conclude that the BIA's decision cannot be sustained upon its reasoning, we must remand to allow the agency to decide any issues remaining in the case."). Because the BIA denied Singh's motion only for lack of authority, we grant the petition and remand to the BIA.

In sum, we hold the BIA erred when it denied Singh's motion to reopen for lack of authority. Because the BIA's decision was contrary to law, it abused its discretion. We grant the petition for review in No. 10-72626 and remand to the BIA for an exercise of the agency's discretion. *See*

*Kalilu*, 548 F.3d at 1218.  We express no opinion on how that discretion should be exercised.**[4]**  We deny the petition for review in No. 09-73798 for the reasons stated in a concurrently filed memorandum disposition.

**In No. 09-73798, PETITION DENIED.**

**In No. 10-72626, PETITION GRANTED; REMANDED.**

---

**[4]** In *Matter of Yauri*, as well as in this case, the Board suggested that its discretion should not be favorably exercised in cases such as Singh's because the better practice would be for an alien in Singh's position to seek a stay from DHS rather than seeking reopening from the BIA.  *See* 25 I. & N. Dec. at 109–10.  At oral argument, however, Singh's counsel noted that a denial of a stay by DHS would not be subject to judicial review, whereas a denial of a motion to reopen by the BIA would be reviewable, at least if issued under § 1003.2(c).  Given the significance of the rights at stake, this may be an important consideration in the Board's exercise of discretion.  *See Kalilu*, 548 F.3d at 1218 (noting that "[t]he opportunity that [federal law] affords for an arriving alien in removal proceedings to establish his eligibility for adjustment based on a *bona fide* marriage is rendered worthless where [removal is not stayed] in order to provide time for USCIS to adjudicate a pending application").  Although motions to reopen are disfavored, *see INS v. Doherty*, 502 U.S. 314, 323 (1992); *INS v. Abudu*, 485 U.S. 94, 107 (1988), they also constitute an "important safeguard" of an alien's rights, *Dada v. Mukasey*, 554 U.S. 1, 18 (2008).