**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MINOU DJAVAHERIAN; et al., | No. 12-73863 |
| Petitioners, | Agency Nos. A098-814-269 |
| v. | A098-814-270 |
| | A098-814-271 |
| ERIC H. HOLDER, Jr., Attorney General, | A098-814-272 |
| Respondent. | MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 17, 2015[**]

Before:     O'SCANNLAIN, LEAVY, and FERNANDEZ, Circuit Judges.

Minou Djavaherian, a native of Iran and citizen of Australia; her husband, a native of Iran and citizen of Australia; and their children, natives and citizens of Australia, petition for review of the Board of Immigration Appeals' ("BIA") October 31, 2012, order denying their motion to reconsider.  Our jurisdiction is

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a motion to reconsider. *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002). We deny in part, dismiss in part, and grant in part the petition for review, and we remand.

The BIA did not abuse its discretion when it construed Djavaherian's due process and past persecution challenges as a motion to reconsider its March 26, 2012, dismissal of her appeal, and denied it as untimely. *See* 8 C.F.R. § 1003.2(b)(2) (establishing 30-day limit for filing motion to reconsider). Further, the BIA did not abuse its discretion in rejecting Djavaherian's humanitarian asylum argument. *See Cano-Merida*, 311 F.3d at 964 (court defers to BIA's exercise of discretion unless arbitrary, irrational, or contrary to law). We lack jurisdiction to review the additional challenges Djavaherian now raises to the denial of her underlying claims because this petition is not timely as to the agency's decision denying these claims. *See Ma v. Ashcroft*, 361 F.3d 553, 557 n.6 (9th Cir. 2004).

Finally, the BIA concluded it found no error of fact or law in denying Djavaherian's motion to reopen. However, in denying Djavaherian's motion to reopen, which was based on her claimed eligibility for a U visa, the BIA found it lacked jurisdiction to reopen proceedings, relying on *Matter of Yauri*, 25 I. & N.

Dec. 103 (BIA 2009).  In light of our intervening decision in *Singh v. Holder*, 771 F.3d 647, 650-53 (9th Cir. 2014), which declined to follow *Matter of Yauri*, we grant the petition for review with respect to Djavaherian's U-visa claim and remand for further proceedings consistent with this disposition.  *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part; GRANTED in part; REMANDED.**