**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

SEP 11 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HMAYAK GRISHCHYAN, Petitioner, v. LORETTA E. LYNCH, Attorney General, Respondent. | No. 09-73968 Agency No. A097-358-693 MEMORANDUM* |
| HMAYAK GRISHCHYAN, Petitioner, v. LORETTA E. LYNCH, Attorney General, Respondent. | No. 14-70154 Agency No. A097-358-693 |

On Petition for Review of an Order of the
Board of Immigration Appeals

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted September 1, 2015[]
Pasadena, California

Before: GRABER, RAWLINSON, and WATFORD, Circuit Judges.

Hmayak Grishchyan (Grishchyan), a native and citizen of Armenia, petitions for review of the decision of the Board of Immigration Appeals (BIA) affirming the ruling of an immigration judge (IJ) denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). He also seeks review of the BIA's denial of his untimely motion to reopen.

1.      While exhaustion of administrative remedies is a prerequisite to judicial review, *see* 8 U.S.C. § 1252(d)(1), we may consider Grishchyan's petition because the BIA addressed the IJ's adverse credibility determination on the merits. *See Cervantes v. Holder*, 772 F.3d 583, 590 (9th Cir. 2014).

2.      Substantial evidence supports the IJ's adverse credibility determination. *See He v. Holder*, 749 F.3d 792, 795 (9th Cir. 2014). For example, Grishchyan's declaration states that he was assigned to the security team of Karen Demirchyan (Demirchyan), an Armenian presidential candidate, "[t]hrough the army service." On cross-examination, Grishchyan first testified that he was a

---

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

bodyguard for Demirchyan before he served in the military, and then testified that he was assigned to Demirchyan's security detail as part of his military service.

Because this case is governed by pre-REAL ID Act standards, any inconsistency must go to the heart of Grishchyan's claim. *See Zamanov v. Holder*, 649 F.3d 969, 973 & n.2 (9th Cir. 2011). This inconsistency meets that standard because it concerns "circumstances," including political support for Demirchyan, "that led to [his] persecution," namely his alleged kidnapping and torture as a result of the information–an assassination plot on Demirchyan–that he purportedly provided to Demirchyan's security team. *See id.* at 973 (citations omitted). The IJ reasonably rejected Grishchyan's explanation because he did not plausibly explain how, as part of his military service, he was assigned to the security team of an opposition leader. *See Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011).

The IJ also reasonably concluded that Grishchyan's evidence did not corroborate his claims that he was kidnapped, beaten, and tortured and experienced minimal bruising, but required surgery on his leg. *See Cui v. Holder*, 712 F.3d 1332, 1336 (9th Cir. 2013). The hospital documents Grishchyan submitted do not explain why surgery was required, and other documentation is consistent with the conclusion that direct force usually results in bruising, and the condition on his leg developed over time.

3

**3.** The BIA did not abuse its discretion in denying Grishchyan's motion to reopen. *See Singh v. Holder*, 771 F.3d 647, 650 (9th Cir. 2014).

As Grishchyan concedes, his September 23, 2013, motion to reopen was filed more than ninety days after the BIA's November 20, 2009, decision. The motion was also his third motion to reopen. None of the exceptions applies. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3). Grishchyan argues that his motion to reopen was unopposed, but it was not "[a]greed upon by all parties and jointly filed." 8 C.F.R. § 1003.2(c)(3)(iii). In any event, Grishchyan's motion to reopen to apply for adjustment of status is nevertheless subject to applicable procedural requirements. *See Toufighi v. Mukasey*, 538 F.3d 988, 993 (9th Cir. 2008), *as amended*.

Contrary to Grishchyan's contention, the BIA's denial of his third motion to reopen contains "individualized specific analysis of the evidence." The BIA delineated the reasons why Grishchyan wished to reopen his removal proceedings, the number of motions to reopen Grishchyan had filed, and the time that had elapsed between the final removal order and his most recent motion. The BIA drew on these facts to conclude that Grishchyan's motion to reopen was number-

and time-barred, and that no "exceptional situation" warranted reopening

Grishchyan's removal proceedings *sua sponte.*[1]

**PETITIONS DISMISSED IN PART,[2] DENIED IN PART.**

---

[1] Grishchyan's claim for withholding of removal was properly denied because it rests on the same testimony that the IJ determined to be not credible. *See Cui*, 712 F.3d at 1338 n.3.  Because the country reports "do not compel" the conclusion that Grishchyan "is more likely than not to be tortured upon return," CAT relief was also unavailable to Grishchyan.  *Id.* (citation and internal quotation marks omitted).

[2] We lack jurisdiction to review the BIA's refusal to reopen proceedings *sua sponte.  See Singh*, 771 F.3d at 650.