**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 16 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SANTOS NOEL BENITEZ, | No.    14-73614 |
| Petitioner, | Agency No. A094-457-760 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 7, 2016
Pasadena, California

Before: FERNANDEZ, CLIFTON, and FRIEDLAND, Circuit Judges.

Petitioner Santos Noel Benitez, a native and citizen of El Salvador, petitions

for review of an order of the Board of Immigration Appeals (BIA) dismissing his

appeal from an immigration judge's decision denying his motion to reopen

removal proceedings.   We review for abuse of discretion the denial of a motion to

reopen.   *Singh v. Holder*, 771 F.3d 647, 650 (9th Cir. 2014).   We grant the

---

        *        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

petition for review and remand for further proceedings.

Petitioner moved to reopen so that he could pursue an I-601A provisional waiver of inadmissibility pursuant to 8 C.F.R. § 212.7.   With respect to an individual like Benitez who has been in removal proceedings, such a waiver is available only if the agency has administratively closed proceedings, instead of entering a removal order.   8 C.F.R. §§ 212.7(e)(3)(ii), (4)(v); *see also* Provisional Unlawful Presence Waivers of Inadmissibility for Certain Immediate Relatives, 78 Fed. Reg. 536, 545 (Jan. 3, 2013).

The BIA correctly noted that Petitioner was ordered removed, rendering him presently ineligible for the waiver.   The BIA abused its discretion in denying Benitez's motion to reopen, however, because it appears not to have considered whether Benitez was entitled to the requested relief as a matter of discretion.   *See* 8 C.F.R. § 1003.2(a); *Singh*, 771 F.3d at 653 (holding that the Board's denial of a motion to reopen on jurisdictional grounds was legal error, and thus an abuse of discretion, because it had authority to reopen under § 1003.2(a)); *see also Franco-Rosendo v. Gonzales*, 454 F.3d 965, 967-68 (9th Cir. 2006) (remanding to the BIA for further proceedings on the basis of the BIA's failure to weigh favorable and unfavorable factors and to consider the petitioner's evidence in determining

2

whether reopening is appropriate). We therefore grant the petition and remand for

further proceedings.

**PETITION FOR REVIEW GRANTED and REMANDED.**