NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 16 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LETICIA OSEGUEDA DE ALFARO, Petitioner, v. LORETTA E. LYNCH, Attorney General, Respondent. | No.  14-72679 Agency No. A087-331-571 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 7, 2016
Pasadena, California

Before: FERNANDEZ, CLIFTON, and FRIEDLAND, Circuit Judges.

Petitioner Leticia Osegueda de Alfaro petitions for review of the dismissal

by the Board of Immigration Appeals ("BIA") of her appeal from an Immigration

Judge's denial of her motion to reopen.   We review for an abuse of discretion, *De*

*Martinez v. Ashcroft*, 374 F.3d 759, 761 (9th Cir. 2004), and grant the petition for

review.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

In her motion, Petitioner sought reopening of her removal proceedings to pursue a new provisional unlawful presence waiver, a so-called I-601A waiver, under a rule that took effect after she had agreed to voluntary departure. *See* 8 C.F.R. § 212.7. The BIA indicated that the law precluded reopening, which appears to be contrary to a regulation providing that the BIA always has discretion to reopen proceedings. 8 C.F.R. § 1003.2(a). Indeed, the Government's position at oral argument was that the BIA had discretion and that the BIA had exercised that discretion by denying reopening. In light of the Government's concession that reopening is a matter of discretion, the BIA's apparent failure to recognize its discretionary authority and then to consider whether to grant or deny reopening as a matter of discretion warrants remand. *See Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008) (holding that it is an abuse of discretion to make an error of law); *see also Singh v. Holder*, 771 F.3d 647, 653 (9th Cir. 2014) ("Because the Board had authority to reopen under § 1003.2(a), the Board's denial of [the petitioner's] motion to reopen on jurisdictional grounds was legal error, and is alone sufficient reason to grant [the petitioner's] petition for review.").

We therefore grant the petition for review and remand for further proceedings.

**GRANTED and REMANDED.**