**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GUSTAVO BERMUDEZ-BARAJAS, | No. 14-71921 |
| Petitioner, | Agency No. A099-628-622 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 16, 2016[**]

Before:     LEAVY, BERZON, and MURGUIA, Circuit Judges.

Gustavo Bermudez-Barajas, a native and citizen of Mexico, petitions pro se

for review of the Board of Immigration Appeals ("BIA") order denying his motion

to reopen removal proceedings.  We have jurisdiction under 8 U.S.C. § 1252.  We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review for abuse of discretion the denial of a motion to reopen. *Singh v. Holder*, 771 F.3d 647, 650 (9th Cir. 2014). We grant the petition for review and remand.

Bermudez-Barajas moved to reopen so that he could pursue an I-601A provisional waiver of inadmissibility pursuant to 8 C.F.R. § 212.7(e). At that time, an individual who had been in removal proceedings was eligible for the waiver only if the agency had administratively closed proceedings, instead of entering a removal order. *See* 8 C.F.R. § 212.7(e)(4) (2013).

The BIA correctly noted that Bermudez-Barajas' final order of removal rendered him ineligible for the waiver. However, the BIA abused its discretion in denying Bermudez-Barajas' motion to reopen because it appears not to have considered whether he was entitled to reopening as a matter of discretion. *See* 8 C.F.R. § 1003.2(a); *Singh*, 771 F.3d at 653 (the BIA's denial of a motion to reopen on jurisdictional grounds was legal error, and thus an abuse of discretion, because it had authority to reopen under 8 C.F.R. § 1003.2(a)). We therefore grant the petition and remand for further proceedings.

In light of this disposition, we do not reach Bermudez-Barajas' remaining contentions.

**PETITION FOR REVIEW GRANTED; REMANDED.**

14-71921