**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JORGE LUIS CAPUCHINO-LOPEZ, | No. 14-73435 |
| Petitioner, | Agency No. A089-958-186 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2016[**]

Before:     WALLACE, LEAVY, and FISHER, Circuit Judges.

Jorge Luis Capuchino-Lopez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals ("BIA") order denying his motion to

reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We

review for abuse of discretion the denial of a motion to reopen. *Singh v. Holder*,

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

771 F.3d 647, 650 (9th Cir. 2014). We grant in part and dismiss in part the petition for review, and remand.

Capuchino-Lopez moved to reopen so that he could pursue an I-601A provisional waiver of inadmissibility pursuant to 8 C.F.R. § 212.7(e). At that time, an individual who had been in removal proceedings was eligible for the waiver only if the agency had administratively closed proceedings, instead of entering a removal order. *See* 8 C.F.R. § 212.7(e)(4) (2013).

The BIA correctly noted that Capuchino-Lopez' final order of removal rendered him ineligible for the waiver. However, the BIA abused its discretion in denying Capuchino-Lopez' motion to reopen because it appears not to have considered whether he was entitled to reopening as a matter of discretion. *See* 8 C.F.R. § 1003.2(a); *Singh*, 771 F.3d at 653 (the BIA's denial of a motion to reopen on jurisdictional grounds was legal error, and thus an abuse of discretion, because it had authority to reopen under 8 C.F.R. § 1003.2(a)). We therefore grant the petition in part and remand for further proceedings.

We grant Capuchino-Lopez' motion to take judicial notice of the BIA's January 20, 2015, decision and the approval notice of his I-130 visa petition (Docket Entry No. 13). *See Dent v. Holder*, 627 F.3d 365, 371 (9th Cir. 2010) (taking judicial notice of agency records).

14-73435

Capuchino-Lopez contends that the BIA erred in its October 7, 2014, decision by determining that he had not submitted evidence that an I-130 petition had been filed on behalf. However, the BIA's subsequent January 20, 2015, decision, which was included with Capuchino-Lopez' motion to take judicial notice, expressly corrected the BIA's earlier error in this regard. Accordingly, we dismiss this contention as moot. *See Pedroza-Padilla v. Gonzales*, 486 F.3d 1362, 1364 n.2 (9th Cir. 2007); *see also United States v. Strong*, 489 F.3d 1055, 1059 (9th Cir. 2007) ("An appeal is moot when, by virtue of an intervening event, a court of appeals cannot grant any effectual relief whatever in favor of the appellant." (citation and internal quotation marks omitted)).

Capuchino-Lopez' motion for remand to the BIA pending the outcome of his recent application for Deferred Action for Childhood Arrivals (Docket Entry No. 26) is denied as unnecessary.

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW GRANTED in part; DISMISSED in part; and REMANDED .**