NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN LUIS CANO-VILLA, AKA Alejandro Luis Garcia-Corral, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No. 14-73354 <br><br> Agency No. A205-991-793 <br><br> MEMORANDUM * |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2017**

Before:   GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Juan Luis Cano-Villa, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") order denying his motion to reopen removal

proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

discretion the denial of a motion to reopen. *Singh v. Holder*, 771 F.3d 647, 650 (9th Cir. 2014). We deny the petition for review.

The BIA did not abuse its discretion in denying Cano-Villa's motion to reopen and administratively close proceedings, where he did not establish prima facie eligibility for the underlying relief sought. *See Fernandez v. Gonzales*, 439 F.3d 592, 599 (9th Cir. 2006) (failure to establish a prima facie case for the underlying relief sought is one of at least three independent grounds on which the BIA can deny a motion to reopen).

We will not review the IJ's determination regarding jurisdiction because the BIA did not rely on that ground. *See Owino v. Holder*, 771 F.3d 527, 531 (9th Cir. 2014) (court's review is limited to the BIA's decision unless the IJ's opinion is expressly adopted (citation omitted)).

**PETITION FOR REVIEW DENIED.**

14-73354