**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 16 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

VARTAN ABRAMIAN,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No. 14-73616

Agency No. A070-645-625

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2019[**]
Pasadena, California

Before: NGUYEN and OWENS, Circuit Judges, and ANTOON,[***] District Judge.

Vartan Abramian, a native of Iran, citizen of Ukraine, and ethnic Armenian,

petitions for review of a Board of Immigration Appeals ("BIA") decision denying

his motion to reopen his removal proceedings. We have jurisdiction under 8

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***]    The Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

U.S.C. § 1252. *See Singh v. Holder*, 771 F.3d 647, 650 (9th Cir. 2014). Reviewing for abuse of discretion, *see id.*, we deny the petition in part and dismiss it in part.

1. "To prevail on a motion to reopen on the basis of changed country conditions," a movant must, among other things, "produce evidence that conditions have changed in the country of removal" and "demonstrate that the evidence is material." *Agonafer v. Sessions*, 859 F.3d 1198, 1204 (9th Cir. 2017). While Abramian's evidence shows that the conditions in Ukraine were deteriorating rapidly in the months leading up to his motion to reopen, it does not satisfy the materiality requirement. The evidence merely "details conditions affecting the population at large" and lacks the "individualized relevancy" showing "that [his] predicament is appreciably different from the dangers faced by [his] fellow citizens." *Najmabadi v. Holder*, 597 F.3d 983, 989–90 (9th Cir. 2010) (quoting *Singh v. INS*, 134 F.3d 962, 967 (9th Cir. 1998)). Abramian's only evidence regarding the conditions faced by ethnic Armenians in Ukraine states that "there seems to be no backlash yet against the local Armenian community." The BIA did not abuse its discretion in denying the motion to reopen.

2. The BIA acknowledged its discretion to reopen the proceedings sua sponte, and we lack jurisdiction to review its decision not to do so. *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016). Therefore, we dismiss Abramian's

petition to the extent it seeks review of the BIA's decision not to reopen the proceedings sua sponte.

**3.** Abramian is not a prevailing party, so his counsel is not entitled to fees under the Equal Access to Justice Act. *See* 28 U.S.C. § 2412(d)(1)(A); *Prasad v. INS*, 47 F.3d 336, 340–41 (9th Cir. 1995).

**PETITION DENIED in part and DISMISSED in part.**