NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 6 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ABDULLAHI AHMED IBRAHIM, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No.  18-72691 <br>      19-70470 <br><br> Agency No. A200-624-023 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 4, 2020[**]
Portland, Oregon

Before:  SCHROEDER, WATFORD, and HURWITZ, Circuit Judges.

Abdullahi Ibrahim, a native and citizen of Somalia, petitions for review of

decisions of the Board of Immigration Appeals ("BIA") dismissing his appeal from

an order denying Ibrahim's motion to reopen and denying his subsequent motion for

reconsideration.  We dismiss the petition insofar as it challenges the refusal to reopen

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

removal proceedings sua sponte to allow Ibrahim to pursue adjustment of status, but grant the petition insofar as it challenges the denial of his motion to reopen because of changed country conditions and remand for further proceedings.

1. The immigration judge ("IJ") acknowledged her authority to grant sua sponte reopening based on Ibrahim's marital status, but declined to reopen because Ibrahim did not show that a visa was available and had married several years after the final order of removal. We lack jurisdiction to review the BIA's order declining to overturn that discretionary decision. *See Bonilla v. Lynch*, 840 F.3d 575, 585-588 (9th Cir. 2016); *Singh v. Holder*, 771 F.3d 647, 653 (9th Cir. 2014).

2. The agency, however, erred in denying Ibrahim's motion to reopen based on changed country conditions. *See* 8 C.F.R. § 1003.2(c)(3)(ii). A motion to reopen may be premised "on evidence of changed country conditions that" are made material "in light of the petitioner's changed circumstances." *Chandra v. Holder*, 751 F.3d 1034, 1035, 1037 (9th Cir. 2014). Ibrahim expressly argued to the IJ and BIA that his time spent in the United States warranted reopening, and submitted evidence that al-Shabaab was newly focused on killing "Somalis who had spent time in the West." But, neither the IJ nor the BIA addressed this argument in denying reopening. *See id.* at 1037-39 (finding abuse of discretion when agency fails to address one of petitioner's arguments). We therefore remand for consideration of

2

this argument.  *See id.* at 1038-39.[1]

**PETITION DISMISSED IN PART, GRANTED IN PART, AND REMANDED.**

---

[1]     The BIA did not err in failing to address Ibrahim's argument that reopening was warranted based on new evidence of his identity.  Ibrahim made this argument only in a footnote in his brief to the BIA appealing the IJ's denial of his motion to reopen, and never detailed why the purported evidence was new or warranted reopening. *See* 8 C.F.R. § 1003.2(c)(1) ("A motion to reopen proceedings shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material.").

We do not address Ibrahim's arguments about equitable tolling and his classification as an "arriving alien," which were not made to the agency. *See Zara v. Ashcroft*, 383 F.3d 927, 930 (9th Cir. 2004).