NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 13 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CLARA NOEMY MEJIA-DE CALDERON; BRITANY NOEMI CALDERON-MEJIA, Petitioners, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 18-71290 Agency Nos. A208-290-316 A208-290-315 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 8, 2020**
Seattle, Washington

Before: GILMAN,*** CALLAHAN, and CHRISTEN, Circuit Judges.

Clara N. Mejia-de Calderon (Mejia) is a native and citizen of El Salvador.

She petitions for review of the Board of Immigration Appeals's (BIA's) decision

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Ronald Lee Gilman, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

denying her request that the BIA exercise its sua sponte power to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review the denial of a motion to reopen under the abuse-of-discretion standard, and we review questions of law de novo. *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016). Denials of motions to sua sponte reopen, however, are reviewed only to the extent that the BIA relied on an incorrect legal or constitutional premise in deciding whether there were "exceptional circumstances" warranting reopening. *Id*. at 588.

Mejia does not dispute the untimeliness of her motion to reopen or the BIA's determination that no exceptions to the filing deadline applied. Rather, the issue before us is whether the BIA erred in denying Mejia's request to exercise its sua sponte power to reopen. The BIA has held that its power to do so is limited to "exceptional situations." *In re J-J-*, 21 I. & N. Dec. 976, 984 (BIA 1997). In the present case, the BIA determined that no exceptional circumstances existed to warrant the exercise of its sua sponte authority.

When reviewing the BIA's decision not to reopen Mejia's proceeding sua sponte, our jurisdiction is limited to "reviewing the reasoning behind the decision[ ] for legal or constitutional error." *Bonilla*, 840 F.3d at 588 (concluding that the denial of sua sponte reopening was based on "an incorrect legal premise" that was contrary to the substantive law governing the relief available to the petitioner); *see also Singh v. Holder*, 771 F.3d 647, 653 (9th Cir. 2014) (holding

2

that there was jurisdiction over the denial of sua sponte reopening because the BIA's decision rested on the erroneous conclusion that it did not have the authority to reopen). Judicial review is therefore appropriate where it is obvious that the agency has denied sua sponte relief not as a matter of discretion, but because it erroneously believed that the law forbade it from exercising its discretion, *see Singh*, 771 F.3d at 650, or that exercising its discretion would be futile, *see Bonilla*, 840 F.3d at 588–89.

Here, the record shows no "incorrect legal premise" regarding the BIA's decision to deny sua sponte relief. The BIA clearly applied the "exceptional circumstances" standard and concluded that such circumstances were not present. The BIA further observed that Mejia would be ineligible for discretionary humanitarian asylum. Mejia has not shown this to be an erroneous conclusion as a matter of law. We therefore have no basis to review the BIA's decision. *See Bonilla*, 840 F.3d at 592 (observing that where the BIA "declines to exercise its *sua sponte* authority to reopen, and does so without relying on a constitutionally or legally erroneous premise, its decision will not be reviewable").

Mejia's contention that the BIA erred as a matter of law by not clearly articulating its reasons for declining to reopen sua sponte is similarly unpersuasive. When declining to exercise its sua sponte authority, the BIA is not required to provide a detailed explanation. *Ekimian v. INS*, 303 F.3d 1153, 1157 (9th Cir.

3

2002) (denying a petition for review where "the order provide[d] virtually no explanation as to why the BIA declined to exercise its sua sponte power to reopen in th[e] case").

Mejia's contention regarding her status as a derivative child similarly fails to identify any legal or constitutional error in the BIA's decision. Mejia's original application for asylum was based on her fear of gangs in El Salvador and fear of her ex-husband, who is a gang member. The Immigration Judge denied her application for relief and that decision was upheld by the BIA. Mejia then filed her motion to reopen, requesting that the BIA exercise its sua sponte power to reopen so that she could be a derivative on her mother's pending asylum application. The BIA's denial of the motion was in no way based on a determination that Mejia was legally barred from being so included. Instead, the BIA declined to exercise its discretion to reopen where reopening would have had the effect of allowing Mejia to pursue an avenue of relief totally unrelated to her original asylum application. That discretionary determination is not reviewable by this court. *See Bonilla*, 840 F.3d at 586.

**PETITION FOR REVIEW DISMISSED.**