**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GERMAN JAIMES SOLANO,

         Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

         Respondent.

No.   17-73040

Agency No. A077-358-523

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 11, 2021**
Pasadena, California

Before: BYBEE and BRESS, Circuit Judges, and CARDONE,*** District Judge.

    Petitioner German Jaimes Solano (Solano), a native and citizen of Mexico,

petitions for review of the decision of the Board of Immigration Appeals (BIA)

---

    \*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    \*\*\*    The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

affirming the Immigration Judge (IJ)'s denial of his untimely motion to reopen. Our jurisdiction arises under 8 U.S.C. § 1252. The BIA declined to reopen pursuant to its sua sponte authority. We generally lack jurisdiction to review the BIA's decision not to reopen proceedings sua sponte under 8 C.F.R. § 1003.2(a). *See Singh v. Holder*, 771 F.3d 647, 650 (9th Cir. 2014). Thus, we review only for "legal or constitutional error." *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016). Because the parties are familiar with the facts, we will not recite them here. We dismiss the petition.

1.    We lack jurisdiction to review the BIA's decision. Solano asserts that the BIA rested its decision on a legal error because it wrongly determined that the Supreme Court's decision in *Moncrieffe v. Holder*, 569 U.S. 184 (2013)—and by extension, our decision in *United States v. Aguilera-Rios*, 769 F.3d 626 (9th Cir. 2014)—does not represent a fundamental change in the law and therefore does not constitute an exceptional circumstance warranting sua sponte reopening. But we recently made clear that the BIA "is not *required* . . . to reopen proceedings *sua sponte* in exceptional situations, even those involving a fundamental change in the law." *Lona v. Barr*, 958 F.3d 1225, 1234–35 (9th Cir. 2020) (cleaned up). Thus,

2

the BIA was under no obligation to exercise its sua sponte authority to reopen even if *Moncrieffe* constitutes a fundamental change.[1]

2.     Because Solano failed to raise the issue before the BIA, we also lack jurisdiction to address Solano's claim that, following *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), he is eligible for cancellation of removal.  8 U.S.C. § 1252(d)(1).

**PETITION DISMISSED.**

---

[1] Solano also argues that the BIA erred in finding that he had not filed a motion to reopen directly with the BIA, rendering 8 C.F.R. § 1003.2(g)(3)'s provisions on unopposed motions inapplicable.  But even if the BIA erred in this regard, the BIA had no obligation to grant Solano's motion simply because it was unopposed.  *See Limsco v. INS*, 951 F.2d 210, 213 (9th Cir. 1991).