**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>JUAN ROLANDO HERNANDEZ-<br>AGUILAR,<br><br>         Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney<br>General,<br><br>         Respondent.</td><td>Nos.  11-73790<br>       19-71762<br>       20-70466<br><br>Agency No. A092-703-483<br><br><br>MEMORANDUM[*]</td></tr>
</table>

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 18, 2022[**]
Las Vegas, Nevada

Before: KLEINFELD, D.M. FISHER,[***] and BENNETT, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable D. Michael Fisher, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

Juan Hernandez-Aguilar argues in three petitions that the BIA erred in denying his multiple motions before the BIA to reopen his case and his multiple motions to reconsider prior decisions. All three petitions are denied in part and dismissed in part.[1]

Because Petitioner is removable for a controlled substance conviction, our review of the BIA's decisions is limited to constitutional claims or questions of law. 8 U.S.C. § 1252(a)(2)(D). We review the BIA's determinations of questions of law and legal conclusions de novo. *Vitug v. Holder*, 723 F.3d 1056, 1062 (9th Cir. 2013).

With regard to the 2011 motion to reopen, we find no legal or constitutional error. To the extent that Petitioner attacks the BIA's factual determinations, we lack jurisdiction. Petitioner asserts that the BIA violated his due process rights. In order to succeed on this claim, he must show prejudice such that the outcome of the proceedings was affected by the violation. *Cruz Rendon v. Holder*, 603 F.3d

---

[1] Petitioner has made a motion for us to take judicial notice of a Memorandum by the former Department of Homeland Security Secretary Janet Napolitano dated June 15, 2012. Case No. 11-73790, Dkt. No. 11. This motion is denied. We cannot independently take judicial notice of a document not part of the record. *Aguilar-Osorio v. Garland*, 991 F.3d 997, 1000 (9th Cir. 2021).

1104, 1109 (9th Cir. 2010). Even if there were a violation here, and we do not believe there was, Petitioner cannot show prejudice because his evidence only makes reference to continuing problems in Mexico and fails to show any change in country conditions. *Rodriguez v. Garland*, 990 F.3d 1205, 1210 (9th Cir. 2021).

With regard to the 2018 and 2019 motions to reopen and motions to reconsider, Petitioner has waived any objection to the BIA's finding that all of the motions were either time- or number-barred by failing to raise the issue in his opening brief. *Cruz v. Int'l Collection Corp.*, 673 F.3d 991, 998 (9th Cir. 2012).

Finally, with regard to Petitioner's three motions to the BIA to *sua sponte* reopen his case, we lack jurisdiction to review the BIA's decisions. *Singh v. Holder*, 771 F.3d 647, 650 (9th Cir. 2014).

Petitions **DENIED** in part and **DISMISSED** in part.