**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 17 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| Juan Pablo Ramos-Sanchez, | No. 21-393 |
| Petitioner, | Agency No.    A098-697-697 |
| v. | |
| Merrick B. Garland, U.S. Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 13, 3023**
Seattle, Washington

Before: McKEOWN, BYBEE, and FORREST, Circuit Judges.

Petitioner Juan Pablo Ramos-Sanchez seeks review of a Board of Immigration Appeals (BIA) decision denying his motion to reopen. We review this decision under the "highly deferential" abuse of discretion standard, reversing only if the BIA acted "arbitrarily, irrationally, or contrary to law." *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 703 (9th Cir. 2022). "Where the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

BIA issues its own decision but relies in part on the immigration judge's reasoning, we review both decisions." *Id.* at 702 (citation omitted); *see also Alanniz v. Barr*, 924 F.3d 1061, 1065 (9th Cir. 2019) (we review both the BIA and immigration judge's (IJ's) decision to the extent that the BIA decision "adopts or relies on" the IJ's reasoning). To the extent that we have jurisdiction, it is under 8 U.S.C. § 1252. We deny in part and dismiss in part the petition.

1.     ***Motion to Reopen.*** We reject Ramos-Sanchez's argument that *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), and *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021), constitute a change in the law applicable to his case that entitles him to equitable tolling of the deadline to file a motion to reopen. Both cases concerned the stop-time rule for cancellation of removal and did not address the immigration court's jurisdiction, which is the basis of Ramos-Sanchez's equitable tolling argument. *Niz-Chavez*, 141 S. Ct. at 1479–86; *Pereira*, 138 S. Ct. at 2109–10; *see also United States v. Bastide-Hernandez*, 39 F.4th 1187, 1192 (9th Cir. 2022) (en banc) ("Although the statutory definition of an NTA requires that it contain the date and time of the removal hearing, this provision chiefly concerns the notice the government must provide noncitizens regarding their removal proceedings, not the authority of immigration courts to conduct those proceedings.") (citation omitted). Accordingly, Ramos-Sanchez is not entitled to equitable tolling based on a change in the law because neither *Pereira* nor *Niz-Chavez* apply to his case. *See Lona v. Barr*, 958 F.3d 1225, 1230 (9th Cir. 2020) (Tolling is available "in cases where the petitioner seeks excusal from

untimeliness based on a change in the law that invalidates the original basis for removal."); 8 U.S.C. § 1229a(c)(7)(C). Moreover, even if his motion was timely, Ramos-Sanchez cannot establish prima facie eligibility for the relief that he seeks because *Pereira* and *Niz-Chavez* are inapplicable. *See Tzompantzi-Salazar*, 32 F.4th at 703–04.

   **2.     *Sua Sponte Reopening.*** We lack jurisdiction to review Ramos-Sanchez's claim that the BIA erred by not sua sponte reopening his immigration proceedings because the BIA declined to exercise its sua sponte authority as an exercise of its discretion, not because "it lack[ed] the *authority* to reopen." *Singh v. Holder*, 771 F.3d 647, 650 (9th Cir. 2014); *see also Lona*, 958 F.3d at 1227.

   **PETITION DENIED IN PART AND DISMISSED IN PART.**