**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

JUN 8 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| JOSE ELEAZAR MARTINEZ HERNANDEZ, AKA Jose Eleazar Hernandez Martinez,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No.  18-72393<br><br>Agency No. A070-859-681<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 5, 2023**
Pasadena, California

Before:  WALLACE and OWENS, Circuit Judges, and FITZWATER,*** District
Judge.

Jose Eleazar Martinez Hernandez petitions for review of the Board of

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable Sidney A. Fitzwater, United States District Judge for
the Northern District of Texas, sitting by designation.

Immigration Appeals' (BIA) denial of his motion to *sua sponte* reopen proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1252. This court reviews questions of its jurisdiction de novo. *See Guerrier v. Garland*, 18 F.4th 304, 308 (9th Cir. 2021). This court has jurisdiction to review the BIA's denial of *sua sponte* reopening for legal or constitutional error. *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016). We dismiss the petition.

The BIA's denial of Martinez Hernandez's motion was not based on legal or constitutional error. The BIA recognized and applied the appropriate standard, exercised its discretion, and determined that Martinez Hernandez's situation was not exceptional. *See Lona v. Barr*, 958 F.3d 1225, 1235 (9th Cir. 2020) (holding that there was no legal or constitutional error as the BIA's "decision evinces no misunderstanding of the agency's broad discretion to grant or deny sua sponte relief"); *Singh v. Holder*, 771 F.3d 647, 650 (9th Cir. 2014) (holding that the BIA errs in denying *sua sponte* reopening where the BIA impermissibly holds that it lacks authority to do so). Therefore, the court has no jurisdiction to review the BIA's exercise of its discretion, including its consideration of Martinez Hernandez's various avenues to obtain a provisional unlawful presence waiver or its evaluation of the equities. *See Lona*, 958 F.3d at 1233; *Ekimian v. I.N.S.*, 303 F.3d 1153, 1157–58 (9th Cir. 2002).

**PETITION DISMISSED.**