Ariadna Almazan OCAMPO, Petitioner,

v.

Jefferson B. SESSIONS III, Attorney General, Respondent.

Nos. 14-70534, 14-71832

United States Court of Appeals, Ninth Circuit.

Submitted December 18, 2017 *

Filed December 20, 2017

Jeremy Frost, Attorney, Law Offices of Jeremy R. Frost & Associates, Los Angeles, CA, for Petitioner

Kate Deboer Balaban, Esquire, Trial Attorney, Gary J. Newkirk, Trial Attorney, OIL, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

MEMORANDUM \*\*

In these consolidated petitions for review, Ariadna Almazan Ocampo, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") orders dismissing her appeal from an immigration judge's removal order, and denying a motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a continuance and review de novo questions of law. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). We review for abuse of discretion the denial of a motion to reopen. *Singh v. Holder*, 771 F.3d 647, 650 (9th Cir. 2014). We deny the petitions for review.

Almazan Ocampo has not established prejudice from the agency's decision to decline to consider new evidence of hardship to her qualifying relatives, where she has not shown what evidence she would have presented. *See Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice.").

The agency did not abuse its discretion in denying Almazan Ocampo a continuance to seek Deferred Action for Childhood Arrivals, where she had not shown she was eligible for such relief. *See Ahmed*, 569 F.3d at 1012 (listing factors to consider when reviewing the denial of a continuance).

Almazan Ocampo moved to reopen so that she could pursue an I-601A provisional waiver of inadmissibility pursuant to 8 C.F.R. § 212.7(e). At that time, an individual who had been in removal proceedings was eligible for the waiver only if the agency had administratively closed pro-

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

ceedings, instead of entering a removal order. *See* 8 C.F.R. § 212.7(e)(4) (2013). However, an update to the regulations, effective August 29, 2016, allows individuals with a final order of removal to pursue an I-601A provisional waiver with consent to reapply for admission under INA § 212(a)(9)(A)(iii) and 8 C.F.R. § 212.2(j). Accordingly, we deny the petition with regard to the motion to reopen as moot.

**PETITIONS FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.