19-4102
Bah v. Garland

BIA
A096 241 218

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of January, two thousand twenty-two.

PRESENT:
> DEBRA ANN LIVINGSTON,
> *Chief Judge,*
> MICHAEL H. PARK,
> STEVEN J. MENASHI,
> *Circuit Judges.*

_____

ABDOULAYE BAH,
> *Petitioner,*

v.                                                    **19-4102**
                                                      **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Khagendra Gharti-Chhetry, Esq.,
                         New York, NY.

FOR RESPONDENT:          Ethan P. Davis, Acting Assistant
                         Attorney General; Claire L.
                         Workman, Senior Litigation

Counsel; Scott M. Marconda, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and DISMISSED in part.

Petitioner Abdoulaye Bah, a native and citizen of Guinea, seeks review of a November 18, 2019 decision of the BIA denying his motion to reopen. *See In re Abdoulaye Bah,* No. A096 241 218 (B.I.A. Nov. 18, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Zhao Quan Chen v. Gonzales*, 492 F.3d 153, 154 (2d Cir. 2007). The BIA abuses its discretion if its "decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur v. BIA*, 413 F.3d 232, 233–34 (2d Cir. 2005) (internal quotation marks omitted).

The BIA did not abuse its discretion by denying Bah's motion to reopen. It is undisputed that Bah's 2019 motion to reopen was time barred because he filed it 14 years after the agency issued his final order of removal in 2005. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (providing 90-day deadline for motions to reopen); 8 C.F.R. § 1003.2(c)(2) (same). His eligibility for adjustment of status does not implicate any exception to the filing deadline. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii)-(iv) (listing exceptions); 8 C.F.R. § 1003.2(c)(3) (same); *Matter of Yauri*, 25 I. & N. Dec. 103, 105 (B.I.A. 2009). Bah's argument that we should follow the Ninth Circuit in declining to follow *Matter of Yauri* fails because the Ninth Circuit did not determine that eligibility for adjustment of status is an exception to the time limitation; rather, that court held that the BIA had authority to reopen sua sponte, regardless of what agency had jurisdiction over the pending adjustment of status application. *See Singh v. Holder*, 771 F.3d 647, 652–53 (9th Cir. 2014).

The BIA may reopen sua sponte despite the time limitation. *See* 8 C.F.R. § 1003.2(a) (version in effect

3

until Jan. 15, 2021).  But the BIA "invoke[s] [its] sua sponte authority sparingly, treating it . . . as an extraordinary remedy reserved for truly exceptional situations." *In re G-D-*, 22 I. & N. Dec. 1132, 1133-34 (B.I.A. 1999).  And we lack jurisdiction to review the BIA's "entirely discretionary" decision not to reopen a case sua sponte under § 1003.2(a). *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006).  Although we may remand to the BIA if it "misperceived the legal background and thought, incorrectly, that a reopening would necessarily fail," *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009), such a circumstance does not exist here.  The BIA did not speak to the merits of Bah's adjustment application, it denied reopening only because he did not establish exceptional circumstances.

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in remaining part.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

4