**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DANIEL QUINTERO DIAZ; YESENIA QUINTERO FIGUEROA,

Petitioners,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 18-72468

Agency Nos. A070-195-570
A070-195-571

**MEMORANDUM**[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 13, 2022[**]
Pasadena, California

Before: BENNETT and SANCHEZ, Circuit Judges, and FOOTE,[***] District Judge.

Daniel Quintero Diaz and Yesenia Quintero Figueroa (the "Quinteros" or

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Elizabeth E. Foote, United States District Judge for the Western District of Louisiana, sitting by designation.

"Petitioners") petition for review of a Board of Immigration Appeals ("Board") decision, specifically its denial of their second motion to reopen immigration proceedings.

On June 8, 2004, an immigration judge found the Quinteros inadmissible and granted them voluntary departure or, in the alternative, ordered them removed (the "2004 Order"). On appeal, the Board affirmed, closing their proceedings. The Quinteros never left the United States and twice moved to reopen their proceedings. They first moved to reopen on April 25, 2007, and the Board denied the motion.[1] They next moved to reopen more than a decade later, on March 12, 2018.[2] The Board denied this motion as well, reasoning that the second motion was number- and time-barred, and that no exception applied to permit reopening under 8 C.F.R. § 1003.2(c). The Board then declined to exercise its sua sponte authority to reopen. The Quinteros now petition for judicial review of the Board's denial of their second motion to reopen. We have jurisdiction under 8 U.S.C. § 1252, *see Bonilla v. Lynch*, 840 F.3d 575, 581, 588 (9th Cir. 2016), and we deny the petition.

---

[1] While this motion was styled as a "MOTION TO REINSTATE," the Board construes a motion according to its underlying purpose. *See Mohammed v. Gonzales*, 400 F.3d 785, 792–93 (9th Cir. 2005). All parties now agree this April 25, 2007 motion *was* a motion to reopen.
[2] Petitioners at times state conflicting dates for these decisions. These inconsistencies do not alter the outcome of this disposition.

## I.

A party may file only one motion to reopen deportation proceedings and it must do so within 90 days of the final administrative decision unless an exception applies. *Bonilla*, 840 F.3d at 582; 8 C.F.R. § 1003.2(c); *see also* 8 U.S.C. § 1229a(c)(7)(A), (C)(i). As noted, the motion below was not Petitioners' first motion to reopen and was filed more than 90 days after the final administrative decision in their proceedings, as Petitioners concede. Further, the Quinteros did not argue before the Board that an exception applies.[3] As a result, we conclude the Board's decision to deny the petition on these grounds was not "arbitrary, irrational, or contrary to law." *Avagyan v. Holder*, 646 F.3d 672, 678 (9th Cir. 2011) (quotation omitted).

## II.

A party's motion to reopen, even if number- or time-barred under the regulation, may nonetheless be granted by the Board under its sua sponte authority. *Menendez-Gonzalez v. Barr*, 929 F.3d 1113, 1116–17 (9th Cir. 2019). "In order for an individual to obtain sua sponte relief under 8 C.F.R. § 1003.2(a), the Board must be persuaded that the respondent's situation is truly exceptional." *Lona v.*

---

[3] On reply, the Quinteros newly assert that the 90-day time to file a motion to reopen should have been equitably tolled. The argument is doubly barred as waived, *see Alcaraz v. INS*, 384 F.3d 1150, 1161 (9th Cir. 2004), and not exhausted, *see Alvarado v. Holder*, 759 F.3d 1121, 1127 n.5 (9th Cir. 2014).

*Barr*, 958 F.3d 1225, 1230 (9th Cir. 2020) (quotation omitted). "Importantly, however, the Board is not *required*—by regulation or its own decisions—to reopen proceedings" even in exceptional cases. *Id.* (quotation omitted). We have limited jurisdiction to review such denials. *Bonilla*, 840 F.3d at 588. We may only assert jurisdiction to "assure that the Board made its discretionary decision on the correct understanding of the applicable legal principles." *Id.* at 584. Accordingly, we briefly describe the motion and the Board's rationale before deciding whether it turns upon any misapprehension of law that admits review. *See id.* at 588, 592; *Lona*, 958 F.3d at 1235.

The Quinteros argue that if their deportation proceedings were reopened, they would not be barred from immigration relief because the 10-year bar to relief triggered by their failure to depart under the 2004 Order has lapsed. Further, they contend they are entitled to an adjustment of status and relief from removal because their U.S. relative has since filed I-130 Petitions for Alien Relative, reportedly approved on March 14, 2012. Finally, they argue they would face a variety of hardships if forced to relocate to Mexico because they must either bring their U.S.-citizen children (all but one having reached adulthood) or leave them with U.S.-citizen relatives.

The Board's rationale for declining to exercise its sua sponte authority is twofold. First, even if the second motion to reopen were not number- or time-

4

barred, it is not the type of motion the Board would grant. The Board stated that a motion to reopen for an adjustment of status "is generally not a circumstance warranting the grant of an untimely motion to reopen," and that such a motion should have been accompanied by the appropriate application for relief and supporting documentation. *See* 8 C.F.R. § 1003.2(c)(1). Second, without elaboration, the Board found no "exceptional circumstances" otherwise warranting sua sponte relief.

We see no clear mistake in law underlying either of the Board's rationales for declining to exercise its sua sponte authority to reopen. In particular, the Board's reasoning does not contradict *Singh v. Holder*, 771 F.3d 647 (9th Cir. 2014). *Singh* clarified that the Board has the authority to reopen proceedings for the purpose of enabling an adjustment of status but did not hold that the Board *must* reopen proceedings. *Id.* at 652–53. Seeing no obvious mistake in law underlying the Board's reasons for exercising its discretion, "there is nothing left for us to review." *Lona*, 958 F.3d at 1235.

**PETITION DENIED.**