**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

OSWALDO FAVIO DOMINGUEZ OJEDA,

*Petitioner*,

v.

MERRICK B. GARLAND, Attorney General,

*Respondent*.

No. 23-835

Agency No.
A209-148-145

OPINION

On Petition for Review of an Order of the
Department of Homeland Security

Argued and Submitted May 16, 2024
Phoenix, Arizona

Filed August 29, 2024

Before: Susan P. Graber, Roopali H. Desai, and Ana de
Alba, Circuit Judges.

Opinion by Judge Desai

# SUMMARY[*]

## Immigration

Granting Oswaldo Favio Dominguez Ojeda's petition for review, and remanding, the panel held that in affirming an asylum officer's negative reasonable fear determination in reinstatement proceedings, an immigration judge committed legal error by failing to exercise discretion whether to consider additional evidence, and instead refusing to consider the evidence based on the erroneous belief that he lacked the discretion to consider it.

The panel explained that an IJ is not required to consider new evidence at a reasonable fear hearing but must exercise discretion before deciding to consider or reject such evidence. Here, the IJ made several statements that laid bare his erroneous view that he could not review evidence that was not considered initially by the asylum officer. The IJ's passing reference to *Alvarado-Herrera v. Garland*, 993 F.3d 1187 (9th Cir. 2021), which permits an IJ to exercise discretion to consider new evidence at a reasonable fear hearing, did not cure the IJ's error.

## COUNSEL

Siovhan S. Ayala (argued) and Ella Rawls, Ayala Law Office PC, Tucson, Arizona, for Petitioner.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Jonathan A. Robbins (argued), Trial Attorney, Civil Division, Commercial Litigation Branch; Craig W. Kuhn, Trial Attorney, Civil Division; Bernard A. Joseph, Senior Litigation Counsel, Office of Immigration Litigation; Brian Boynton, Principal Deputy Assistant Attorney General, Civil Division; United States Department of Justice, Washington, D.C.; for Respondent.

## OPINION

DESAI, Circuit Judge:

Oswaldo Favio Dominguez Ojeda petitions this court for review of the immigration judge's ("IJ") negative reasonable fear determination. He contends that the IJ refused to consider new evidence at his reasonable fear review hearing based on the erroneous belief that the IJ lacked the authority to consider evidence that was not presented to the asylum officer. We grant the petition.

### Background

Dominguez Ojeda is a native and citizen of Peru. In 2023, the Department of Homeland Security ("DHS") issued a notice of intent to reinstate his prior removal order. Dominguez Ojeda expressed fear of returning to Peru, and an asylum officer conducted a reasonable fear screening interview to determine whether Dominguez Ojeda should be given the opportunity to establish his claims at a merits hearing before an IJ.

Dominguez Ojeda told the asylum officer that he left Peru because members of Peru Libre, a political group, physically harmed and threatened him, his dog, and his

house. He discussed five incidents. He explained that he first encountered the group in 2022 when they were protesting in front of his home, and his dog bit one of the protestors. The protesters yelled at Dominguez Ojeda, and he later received a phone call from an unknown person demanding compensation for the dog bite.

The second incident occurred when a group of people threw stones at him while on his way home from work and called him "el pituco," a nickname in Peru for someone with status and money. The third incident consisted of Dominguez Ojeda's finding an obituary card with his name on it that said, "you will pay for everything you El Pituco." He tried to report the incident to the police, but he did not know the name of the person who wrote the card. The fourth incident occurred while Dominguez Ojeda was walking his dog and someone hit him from behind, pushed him to the ground, kicked his stomach, kicked his dog, and crushed his cellphone. The attackers threatened that he would "end up like the police Juliaca," who was surrounded in his patrol car and burned alive. Dominguez Ojeda recognized the attackers as the same group from the first incident. The fifth and final incident occurred when someone threw a burning object through Dominguez Ojeda's window and started a fire in his home. After this incident, Dominguez Ojeda went to the police, and a hearing was scheduled for one month later. Afraid for his safety, Dominguez Ojeda left Peru a few days before the hearing.

During his reasonable fear screening interview, Dominguez Ojeda also told the asylum officer that he feared Peru Libre would "kill[] or cripple[]" him if he returned to Peru because "they want money to fund their terrorist means and they . . . know that [he] [is] against them." After the

interview, the asylum officer made a negative reasonable fear determination.

Dominguez Ojeda requested review of the asylum officer's negative reasonable fear finding, and the matter was referred to an IJ. At his reasonable fear review hearing, Dominguez Ojeda sought to introduce new evidence that he was raped in Peru by Peru Libre members. He also tried to introduce country conditions reports and other reports showing that survivors of sexual assault have difficulty reporting immediately. The IJ refused to consider the evidence, explaining that "all [he] can do" is review evidence presented to the asylum officer and that "it would be fundamentally unfair to conduct a de novo review of a record that contained additional evidence and testimony that the asylum officer could not consider in the first instance." Though the IJ cited our decision in *Alvarado-Herrera v. Garland*, 993 F.3d 1187 (9th Cir. 2021), which permits an IJ to exercise discretion to consider new evidence at a reasonable fear hearing, the IJ erroneously held that he could not review new evidence. The IJ thus did not exercise his discretion when refusing to consider the new evidence of rape and country conditions.

The IJ found that Dominguez Ojeda did not establish a reasonable possibility of persecution on account of a protected ground and found no reasonable possibility of torture with government acquiescence. Dominguez Ojeda never had the opportunity to present additional evidence of his claims at a merits hearing. He now petitions for review of the IJ's reasonable fear determination arising out of his reasonable fear review hearing.

## Standard of Review

We review legal questions de novo. *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016). If we conclude that the IJ "relied on an incorrect legal premise," we "remand to the BIA so it may exercise its authority against the correct 'legal background.'" *Id.* at 588 (citations omitted).

## Discussion

The only question before us is whether the IJ committed legal error by failing to exercise discretion and, instead, automatically refusing to consider Dominguez Ojeda's new evidence of rape and country conditions on the erroneous belief that he lacked the discretion to consider it. We hold that the IJ erred.

To obtain a merits hearing before an IJ to apply for withholding of removal or protection under the Convention Against Torture ("CAT"), "a non-citizen must first pass a screening interview conducted by an asylum officer, during which the non-citizen must show that he or she has a 'reasonable fear' of persecution or torture in the designated country of removal." *Alvarado-Herrera*, 993 F.3d at 1190 (quoting 8 C.F.R. §§ 208.31(c), 241.8(e)). "Consistent with the preliminary nature of a screening interview, noncitizens who show a reasonable possibility of persecution or torture do not automatically receive substantive immigration relief." *Hermosillo v. Garland*, 80 F.4th 1127, 1129 (9th Cir. 2023). Rather, they must next proceed to a merits hearing before an IJ, where they "bear the burden of proving entitlement to withholding of removal or relief under CAT." *Id.* (citing 8 CFR § 208.16(b), (c)).

A noncitizen who receives a negative reasonable fear determination at the screening phase is entitled to seek de

novo review of that determination at a reasonable fear hearing before an IJ. 8 C.F.R. § 208.31(g); *Alvarado-Herrera*, 993 F.3d at 1195. The reasonable fear hearing is essentially another screening hearing at which the IJ determines whether the petitioner has a reasonable fear, thereby warranting a merits hearing. *See generally Alvarado-Herrera*, 993 F.3d at 1195. The "immigration judge sits in an appellate capacity, reviewing the written record prepared by the first-instance decision-maker (the asylum officer)." *Id*. But the IJ, in his discretion, also may consider evidence that a petitioner did not present to the asylum officer. *See id.* at 1190–91; *Bartolome v. Sessions*, 904 F.3d 803, 812 (9th Cir. 2018). So long as the IJ exercises discretion, "[d]ue process does not mandate the right to present new evidence to an appellate tribunal when a litigant has been afforded a reasonable opportunity to present evidence to the first-instance decision-maker." *Alvarado-Herrera*, 993 F.3d at 1195. In other words, an IJ is not required to consider new evidence at a reasonable fear hearing, but the IJ must exercise discretion before deciding to consider or reject such evidence.[1]

We have explained this rule in similar contexts, such as in sua sponte reopening cases. There, the BIA may reopen a petitioner's removal proceeding in its sole discretion. 8

---

[1] We have explained that, because a reasonable fear determination is not a final determination on the merits, it does not take much to show a reasonable fear. *Alvarado-Herrera*, 993 F.3d at 1195 ("The non-citizen need show only a 'reasonable possibility' of persecution or torture, which has been defined to require a ten percent chance that the non-citizen will be persecuted or tortured if returned to his or her home country." (citations omitted)). For this reason, IJs should exercise their discretion liberally to consider new evidence at reasonable fear review hearings.

C.F.R. § 1003.2(a). Although the merits of the Board's discretionary decision to deny reopening are not reviewable on appeal, the petitioner is entitled to relief if the Board's decision rested on the erroneous conclusion that it did not have the authority to reopen. *Singh v. Holder*, 771 F.3d 647, 652–53 (9th Cir. 2014).

Just as the BIA in *Singh* erred by concluding that it "lack[ed] the *authority* to reopen," rather than denying a motion to reopen as an exercise of discretion, *id.* at 650, here the IJ erred by concluding that he lacked the authority to consider new evidence, rather than refusing to consider that evidence as an exercise of discretion. The IJ thought that he lacked discretion to consider new evidence of Dominguez Ojeda's rape and country conditions reports. He made several statements that laid bare his erroneous view that he could not review evidence that was not considered initially by the asylum officer:

> Again, if I'm conducting a review, I don't believe I can review something that the asylum officer did not have the ability to even address.

> [Y]ou didn't give the asylum officer the opportunity. That's why, when I'm reviewing the asylum officer's decision, all I can do is review what the officer had when they made that decision. Otherwise, anybody at any time could add more and more facts or evidence.

> [T]his court will only review what you told the officer and any evidence that the officer could consider in reaching his or her decision because it would be fundamentally unfair to

consider any new evidence or testimony that that officer could not first address in reaching their decision.

I'm not going to admit your attorney's evidence that she has attached because, again, it doesn't appear that any of those documents or what she has proffered or asked that the court take notice of were considered by the asylum officer.

[I]t doesn't look like this officer considered [the country reports]. So for the same reasons, I'm not going to take them as new evidence. . . . [T]he particular parts of [the reports], I think I would need to leave to the asylum officer.

The IJ's passing reference to *Alvarado-Herrera*, which sets forth the rule that an IJ, in his discretion, can consider new evidence, *see* 993 F.3d at 1195, does not cure the IJ's obvious error. At most, the IJ's insertion of a citation to *Alvarado-Herrera* makes the decision too murky to review on appeal, which presents a different but no less serious problem. As we have held in other contexts, if the decision below is too murky to review, we must remand for the Board to make its decision clear. *See, e.g.*, *Afriyie v. Holder*, 613 F.3d 924, 929–30, 935 (9th Cir. 2010) (remanding to BIA where IJ made conflicting statements that made it unclear to this court whether the IJ placed the burden of proof as to relocation on the correct party), *overruled on other grounds by Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1069–70 (9th Cir. 2017) (en banc); *Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008) (same). We cannot hold that the IJ exercised his discretion when refusing to consider

Dominguez Ojeda's new evidence of rape and country conditions. We thus grant the petition and remand.[2]

## Conclusion

We **GRANT** the petition for review and **REMAND** for further proceedings consistent with this opinion.

---

[2] We need not and do not reach the question whether substantial evidence supports the IJ's determination that Dominguez Ojeda failed to establish a reasonable fear of persecution on account of a protected ground and a reasonable fear of torture with government acquiescence because the outcome of these issues may be affected if the IJ, in his discretion, considers the evidence of rape and country conditions.