**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 22 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JASON ARTURO MENDOZA GLORIA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 23-3343

Agency No.
A207-596-310

MEMORANDUM*

On Petition for Review of an Order of the
Immigration Court

Submitted October 10, 2024**
Las Vegas, Nevada

Before: BEA, BENNETT, and MILLER, Circuit Judges.

Jason Arturo Mendoza Gloria, a native and citizen of Mexico, petitions for

review of an order of an immigration judge affirming an asylum officer's

determination that he lacks a reasonable fear of persecution or torture in Mexico.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

That determination came after a reasonable fear screening interview. *See generally Alvarado-Herrera v. Garland*, 993 F.3d 1187, 1195 (9th Cir. 2021). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. As to the immigration judge's order, Mendoza Gloria challenges only the conclusion that he lacks a reasonable fear of torture under the Convention Against Torture. We have jurisdiction to consider both legal and factual challenges to the conclusion about torture. *See Nasrallah v. Barr*, 590 U.S. 573, 587 (2020); *Andrade v. Garland*, 94 F.4th 904, 914 (9th Cir. 2024). We review legal determinations de novo and factual findings for substantial evidence; under that standard, Mendoza Gloria must "show that the record compels the conclusion that the agency's decision was incorrect." *Andrade*, 94 F.4th at 914.

At the screening stage, an alien bears the burden to show a "reasonable possibility," defined as at least a 10 percent chance, that he would be tortured if removed. *Hermosillo v. Garland*, 80 F.4th 1127, 1129 (9th Cir. 2023) (quoting *Alvarado-Herrera*, 993 F.3d at 1195). For acts to constitute torture, they must be inflicted by public officials or with the consent or acquiescence of public officials. *Bromfield v. Mukasey*, 543 F.3d 1071, 1079 (9th Cir. 2008) (quoting 8 C.F.R. § 1208.18(a)(1)).

Substantial evidence supports the immigration judge's determination that Mendoza Gloria failed to show a sufficient possibility that Mexican officials would

acquiesce in any harm that might come to him. Mendoza Gloria's only support for acquiescence was his contention that Mexican police officers are corrupt and overburdened. But police ineffectiveness is insufficient to show acquiescence. *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016). And general assertions of corruption, unsupported by a link between the corruption and specific threats of harm, are similarly inadequate. *See B.R. v. Garland*, 26 F.4th 827, 845 (9th Cir. 2022); *cf. Hermosillo*, 80 F.4th at 1130 (sufficient possibility of government acquiescence where alien's family reported previous cartel attacks against them to the police but the police refused to intervene); *Alvarado-Herrera*, 993 F.3d at 1197 (sufficient possibility of government acquiescence where alien "offered details that corroborated his claim of widespread police corruption and complicity").

Mendoza Gloria argues that the immigration judge applied the standard of proof appropriate for a full reasonable fear hearing—requiring him to show more than a 50 percent probability of torture—rather than the 10 percent probability appropriate in the screening interview context. That argument lacks support in the record. The immigration judge expressly recognized the preliminary nature of the proceedings, telling Mendoza Gloria's counsel that "even at this juncture," under the "lower standard," Mendoza Gloria had not met his burden.

2. Mendoza Gloria's removal proceedings did not deprive him of due

process. A removal proceeding violates due process if "(1) the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case, and (2) the alien demonstrates prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation." *Zetino v. Holder*, 622 F.3d 1007, 1013 (9th Cir. 2010) (quoting *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620–21 (9th Cir. 2006)).

First, Mendoza Gloria asserts that the immigration judge violated due process "[b]y demanding, but not accepting" additional evidence, including by refusing to allow his counsel to question him at the hearing. But an immigration judge "need not[] accept additional evidence and testimony from the non-citizen" at a hearing to review an asylum officer's reasonable fear determination. *Alvarado-Herrera*, 993 F.3d at 1191 (citing *Bartolome v. Sessions*, 904 F.3d 803, 812–13 (9th Cir. 2018)); *accord Dominguez Ojeda v. Garland*, 112 F.4th 1241, 1245 (9th Cir. 2024). Although the immigration judge implied that Mendoza Gloria should have supported his reasonable fear claim with documentary evidence, she ultimately did not require additional evidence because she accepted all of Mendoza Gloria's specific claims as true.

Second, Mendoza Gloria argues that the Department of Homeland Security failed to afford him due process because it issued its final removal order at the same time as its notice of intent to issue that order. Although DHS failed to give

Mendoza Gloria the required 10-day opportunity to respond to the notice of intent, *see* 8 C.F.R. § 238.1(c)(1), Mendoza Gloria has not shown that he was prejudiced by DHS's error. He does not dispute that he is an alien lacking permanent resident status who has been convicted of an "aggravated felony," making him presumptively removable. 8 U.S.C. § 1228(c).

Third, Mendoza Gloria argues that he did not receive due process because his reasonable fear interview and immigration judge review hearing were delayed. The asylum officer conducted the screening interview more than three weeks after Mendoza Gloria expressed a fear of persecution or torture in Mexico, and the immigration judge held the review hearing more than a month after the matter was referred to her. Both periods were significantly longer than the 10-day deadline applicable to such proceedings "[i]n the absence of exceptional circumstances." 8 C.F.R. § 208.31(b), (g). But as with his challenge to the timing of the removal order, Mendoza Gloria has shown no prejudice resulting from these procedural errors.

**PETITION DENIED.**