NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 17 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANTONIO CRUZ CARDENAS,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 23-2580

Agency No. A079-620-227

MEMORANDUM[*]

On Petition for Review of an Order of the
Immigration Court

Submitted January 14, 2025[**]
Pasadena, California

Before: GOULD and BENNETT, Circuit Judges, and EZRA,[***] District Judge.

Antonio Cruz Cardenas ("Petitioner") is a native and citizen of Mexico.

Petitioner illegally entered the United States in or around 1990, when he was

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

between seven and nine years old. On November 1, 2000, Petitioner was convicted of first-degree murder in violation of California Penal Code § 187(a), and sentenced to twenty-five years to life in prison. After serving twenty-five years in state prison, Petitioner was paroled on July 27, 2023. Petitioner was then transferred from the custody of the State of California to the custody of the Department of Homeland Security ("DHS"), where he was placed in administrative removal proceedings. DHS found Petitioner removable as a noncitizen convicted of an aggravated felony and issued Petitioner a final administrative removal order on August 11, 2023. *See* 8 U.S.C. § 1101(a)(43)(A) (defining murder as an aggravated felony).

Because Petitioner expressed a fear of removal, an asylum officer interviewed him on August 24, 2023. The asylum officer made a negative reasonable fear finding. On August 29, 2023, the immigration court served Petitioner, via his custodial officer, written notice that an immigration judge would hold a hearing on September 7, 2023, to review the asylum officer's negative reasonable fear finding. However, in a written notice dated the same day, August 29, 2023, U.S. Citizenship and Immigration Services ("USCIS") ordered Petitioner to appear before the same immigration court on September 12, 2023. USCIS personally served Petitioner with this notice on an unknown date.

On September 7, 2023, still detained, Petitioner appeared before an immigration judge as ordered by the immigration court. At this hearing, Petitioner stated that he did not have a packet from his state parole hearing with him because he thought the hearing was scheduled for September 12, 2023, as stated in his USCIS notice. The immigration judge did not continue the hearing but told Petitioner he could describe the documents in the packet and state how they support his case. After hearing Petitioner's arguments and reviewing record documents, the immigration judge issued a decision agreeing with the asylum officer's negative reasonable fear finding.

Petitioner now petitions for review of the order of the immigration judge affirming the asylum officer's determination that he lacks a reasonable fear of persecution or torture in Mexico. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.      Petitioner's removal proceedings did not deprive him of due process. A removal proceeding violates due process if "(1) the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case, and (2) the alien demonstrates prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation." *Zetino v. Holder*, 622 F.3d 1007, 1013 (9th Cir. 2010) (quoting *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620–21 (9th Cir. 2006)). "We review de novo due process challenges to

3

reasonable fear proceedings." *Orozco-Lopez v. Garland*, 11 F.4th 764, 774 (9th Cir. 2021) (quoting *Zuniga v. Barr*, 946 F.3d 464, 466 (9th Cir. 2019) (per curiam)). "The decision to grant or deny [a] continuance is within 'the sound discretion of the judge and will not be overturned except on a showing of clear abuse.'" *Garcia v. Lynch*, 798 F.3d 876, 881 (9th Cir. 2015) (quoting *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1247 (9th Cir. 2008)).

Petitioner asserts that the immigration judge violated due process by holding his review hearing on September 7 instead of September 12, thereby depriving him of the opportunity to present additional evidence that he faces a reasonable possibility of torture, and by denying his request for a continuance. But an immigration judge "need not[] accept additional evidence and testimony from the non-citizen" at a hearing to review an asylum officer's reasonable fear determination. *Alvarado-Herrera v. Garland*, 993 F.3d 1187, 1191 (9th Cir. 2021) (citing *Bartolome v. Sessions*, 904 F.3d 803, 812–13 (9th Cir. 2018)); *accord Dominguez Ojeda v. Garland*, 112 F.4th 1241, 1245 (9th Cir. 2024). Therefore, the immigration judge did not need to accept additional evidence at Petitioner's hearing. Nor did Petitioner demonstrate any prejudice where the immigration judge allowed Petitioner to testify to the information contained in the packet and accepted it as true. Petitioner has not demonstrated that the presentation of the packet itself would have changed the outcome of his immigration proceeding.

Given these facts, the immigration judge's denial of a continuance also did not amount to an abuse of discretion.

2.     Petitioner also brings two constitutional challenges. "We . . . review constitutional claims de novo." *Guerrier v. Garland*, 18 F.4th 304, 308 (9th Cir. 2021) (quoting *Pena v. Lynch*, 815 F.3d 452, 455 (9th Cir. 2016)). Petitioner's equal protection constitutional challenge to the Attorney General's authority to place him in expedited removal proceedings, 8 U.S.C. § 1228(b), is foreclosed by *United States v. Calderon-Segura*, 512 F.3d 1104 (9th Cir. 2008). *Id.* at 1107 (holding a "rational basis exists for granting the Attorney General discretion to place some non-[lawful permanent resident] aggravated felons into expedited removal proceedings and others into potentially more lenient general removal proceedings"). Likewise, Petitioner's argument that § 1228(b)(1) is unconstitutionally vague fares no better. Petitioner was convicted of murder, which is expressly listed in the statutory definition of "aggravated felony." 8 U.S.C. § 1101(a)(43)(A). Thus, "a person of ordinary intelligence would have fair notice" from the statute that Petitioner faces expedited removal to his native country pursuant to § 1228(b)(1). *Ledezma-Cosino v. Sessions*, 857 F.3d 1042, 1047 (9th Cir. 2017) (en banc).

The stay of removal remains in place until the mandate issues. The motion for stay of removal is otherwise denied.

**PETITION DENIED**.