NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 19 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

YOVANNI NAVA PATRICIO,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-2683

Agency No.
A208-028-143

MEMORANDUM*

On Petition for Review of an Order of the
Department of Homeland Security

Argued and Submitted March 27, 2025
Phoenix, Arizona

Before: GRABER and BENNETT, Circuit Judges, and LEFKOW, District Judge.**

Petitioner Yovanni Nava Patricio is a native and citizen of Mexico who

reentered the United States without permission in 2024, after his initial removal in

2017. The Department of Homeland Security issued a notice of intent to reinstate

the prior removal order. Petitioner requested and received a reasonable fear

_____

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The Honorable Joan H. Lefkow, United States District Judge for the
Northern District of Illinois, sitting by designation.

interview. The asylum officer conducting Petitioner's reasonable fear interview made a negative reasonable-fear determination. An immigration judge ("IJ") affirmed the asylum officer's determination and ordered Petitioner's removal to Mexico. Petitioner timely filed a petition for review. We review de novo questions of law. Dominguez Ojeda v. Garland, 112 F.4th 1241, 1244 (9th Cir. 2024). We grant the petition and remand.

The transcript of the hearing before the IJ covers only 5-1/2 pages, of which about half is generic or introductory. The IJ told the pro se Petitioner, among other things: "While the court has original review over the asylum officer's decision, the court will only review the testimony provided to the asylum officer in reaching his or her decision." (Emphasis added). As the government appropriately conceded during oral argument, that was an erroneous statement of the law, as this court explained in Dominguez Ojeda. See id. at 1244–45. Nor was such error harmless: Petitioner, proceeding pro se, could not have known that the IJ was in fact required to exercise his discretion in considering or declining to consider additional evidence. See id. at 1244.

**PETITION GRANTED; REMANDED for further proceedings consistent with this disposition.**