NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 11 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LUCIO ROSAS,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-5406

Agency No.
A096-322-873

MEMORANDUM*

On Petition for Review of an Order of the
Department of Homeland Security

Submitted December 1, 2025**
Pasadena, California

Before: CALLAHAN, OWENS, and KOH, Circuit Judges.

Lucio Rosas, a native and citizen of Mexico, petitions for review of the

Immigration Judge's ("IJ") negative reasonable fear determination following the

Department of Homeland Security's reinstatement of his prior removal order. In

his petition, Rosas also argues that his reasonable fear of persecution interview

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

with a United States Citizenship and Immigration Services ("USCIS") officer violated his right to due process. We have jurisdiction under 8 U.S.C. § 1252(a). We deny the petition for review.

"We review [an] IJ's determination that [a noncitizen] did not establish a reasonable fear of persecution or torture for substantial evidence, which means that we must uphold the IJ's conclusion . . . unless, based on the evidence, any reasonable adjudicator would be compelled to conclude to the contrary." *Orozco-Lopez v. Garland*, 11 F.4th 764, 774 (9th Cir. 2021) (quotation marks and citation omitted). "We review de novo due process challenges to reasonable fear proceedings." *Id.* (quoting *Zuniga v. Barr*, 946 F.3d 464, 466 (9th Cir. 2019) (per curiam)).

A noncitizen whose removal order has been reinstated must establish a "reasonable fear" of persecution or torture in the country of removal before raising a withholding or CAT claim. *Id.* at 771. A noncitizen clears this hurdle if he or she "establishes a *reasonable possibility* that he or she would be persecuted on account of his or her race, religion, nationality, membership in a particular social group or political opinions" or "a reasonable possibility that he or she would be tortured in the country of removal." 8 C.F.R. § 208.31(c) (emphasis added). Additionally, to qualify for withholding of removal, an applicant must show, inter alia, that the past persecution was "committed by the government or forces the

government is either unable or unwilling to control," or that future persecution will be committed by those actors. *J.R. v. Barr*, 975 F.3d 778, 782 (9th Cir. 2020) (quoting *Navas v. INS*, 217 F.3d 646, 655–56 (9th Cir. 2000)).

Substantial evidence supports the IJ's conclusion that Rosas did not establish a reasonable fear of persecution that could warrant withholding of removal. Upon reviewing the record, the IJ found that Rosas lacked credibility. Rosas has forfeited any challenge to this conclusion because he does not challenge it on appeal. *See* Fed. R. App. P. 28(a)(8)(A); *Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079–80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are forfeited). Therefore, substantial evidence supports the IJ's finding that Rosas failed to show that the alleged persecution was or would be committed by the Mexican government or forces the government was unable or unwilling to control.

Substantial evidence also supports the IJ's finding that Rosas failed to establish a reasonable possibility of torture by or with the acquiescence of a public official. "To constitute torture, an act . . . must be undertaken 'at the instigation of, or with the consent or acquiescence of, a public official.'" *Hernandez v. Garland*, 52 F.4th 757, 769 (9th Cir. 2022) (quoting 8 C.F.R. § 1208.18(a)(1)). Rosas cannot show that the Mexican government acquiesced to the threats by the gang members.

Finally, Rosas's due process argument fails. Rosas contends his reasonable fear interview with an USCIS officer prejudiced him because the line of questioning "failed to develop any potential claims or further inquiry regarding [Rosas's] fear of returning to Mexico." Rosas, however, was not prevented from fully developing his case. The officer asked "why [the gang members] killed [Rosas's] brother," "why [the gang members] were interested in pursuing [Rosas's] family," and what the gang members "who threatened [Rosas] said to [him]." And at the conclusion of the interview, the officer specifically asked if Rosas had any additional information to provide, and Rosas declined to add anything further. Rosas had to establish a reasonable fear, and he failed to provide sufficient information to do so. *See Orozco-Lopez*, 11 F.4th at 771 (recognizing that a noncitizen must establish a reasonable fear).

Further, the IJ conducted a de novo review of the USCIS officer's determination and considered additional testimony and documentary evidence. *See Dominguez Ojeda v. Garland*, 112 F.4th 1241, 1245 (9th Cir. 2024) (noting that "the IJ, in his discretion, also may consider evidence that a petitioner did not present to the [USCIS] officer"). The IJ did not rely on the USCIS officer's findings but rather independently concluded that Rosas lacked a reasonable fear of persecution or torture. And, as explained above, substantial evidence supports this conclusion. Therefore, even if the USCIS officer ran afoul of due process, which

24-5406

he did not, that error would not have affected the IJ's ultimate decision that was rendered on de novo review following a hearing. *See Bartolome v. Sessions*, 904 F.3d 803, 812 (9th Cir. 2018) (holding that, even assuming the noncitizen had not been allowed to present his whole claim during the reasonable fear interview, any such error was remedied by the IJ's de novo review of the noncitizen's prior statements along with his additional testimony and documentary evidence presented at the review hearing). In sum, Rosas cannot succeed in his due process claim.

**PETITION FOR REVIEW DENIED.**