NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 19 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| QING LI,<br><br>                Petitioner,<br><br>   v.<br><br>PAMELA BONDI, Attorney General,<br><br>                Respondent. | No. 24-1452<br><br>Agency No.<br>A097-816-608<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2025[**]
San Francisco, California

Before: N.R. SMITH and DE ALBA, Circuit Judges, and BENNETT, District Judge.[***]

Qing Li, a native and citizen of the People's Republic of China, petitions for

review of the decision of the Board of Immigration Appeals (BIA) denying her

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Richard D. Bennett, United States District Judge for the District of Maryland, sitting by designation.

motion to reopen her removal proceeding (to allow her to seek cancellation of removal). We review the BIA's denial of the motion to reopen under the "highly deferential" abuse of discretion standard, reversing only if the BIA acted "arbitrarily, irrationally, or contrary to law." *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 703 (9th Cir. 2022). We have jurisdiction of the petition under 8 U.S.C. §1252, and we deny it in part and dismiss it in part.

1.　　Li had the right to file one motion to reopen with the BIA within 90 days of the final removal order. *See* 8 U.S.C. § 1229a(c)(7). The 90-day deadline can be equitably tolled "when some extraordinary circumstance stood in the petitioner's way and prevented timely filing, and he acted with due diligence in pursuing his rights." *Hernandez-Ortiz v. Garland*, 32 F.4th 794, 801 (9th Cir. 2022) (cleaned up). Further, "[t]he BIA can deny a motion to reopen on any one of 'at least' three independent grounds—[(1)] 'failure to establish a prima facie case for the relief sought, [(2)] failure to introduce previously unavailable, material evidence, and [(3)] a determination that even if these requirements were satisfied, the movant would not be entitled to the discretionary grant of relief which he sought.'" *Fonseca-Fonseca v. Garland*, 76 F.4th 1176, 1180 (9th Cir. 2023) (citing *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010)).

　　　Here, Li filed her motion to reopen almost fourteen years after her removal proceedings were final. To allege an extraordinary circumstance and due diligence,

Li argues that, in light of the Supreme Court's decision in *Niz-Chavez v. Garland*, 593 U.S. 155 (2021), she is eligible for cancellation of removal, because the notice to appear never triggered the stop-time rule. The BIA denied Li's motion, because her present eligibility for cancellation "through natural passage of time following the final administrative decision . . . does not constitute extraordinary circumstances for equitable tolling."

The BIA did not abuse its discretion in denying the motion to reopen. First, *Niz-Chavez* was not a new development that provided Li with relief from removal. Since Li was not eligible for cancellation of removal at the time of her removal proceedings (lacking both the requisite 10 years and qualifying relatives), the stop-time rule that *Niz-Chavez* affected was not at issue. *See* 8 U.S.C. §1229b(b)(1). Second, Li's current eligibility did not constitute extraordinary circumstances to equitably toll the filing deadline. That non-citizens routinely become eligible for new relief after their final order of removal does not generally constitute extraordinary circumstances *See INS v. Rios-Pineda*, 471 U.S. 444, 449–50 (1985) (recognizing the BIA had the authority to deny a motion to reopen based upon "intervening circumstances" that accrued following a deportation order); *see also Matter of H-Y-Z-*, 28 I. & N. Dec. 156, 161 (BIA 2020) (holding "equities that were acquired while [petitioner] remained illegally in the United States after being ordered removed . . . do not constitute such truly exceptional circumstances as to

warrant discretionary reopening").

2.      Our jurisdiction to review the BIA's denial to reopen the proceedings sua sponte is limited. We only retain "jurisdiction to review Board decisions denying sua sponte reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error." *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016).

Here, Li did not identify any legal or constitutional error in the BIA's decision. Li instead asserts that the BIA ignored her request, but this argument is belied by the BIA's decision addressing sua sponte reopening, The BIA correctly outlined its sua sponte authority to reopen Li's case but determined that Li's case did not present an exceptional situation. Accordingly, we lack jurisdiction to review Li's claim that the BIA erred by not sua sponte reopening the case. *Singh v. Holder*, 771 F.3d 647, 650 (9th Cir. 2014).

**PETITION DENIED IN PART AND DISMISSED IN PART.**