NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 5 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOEL ANTONIO ARGUETA, Petitioner, v. PAMELA BONDI, Attorney General, Respondent. | No. 25-520 Agency No. A094-311-557 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 1, 2025**
Pasadena, California

Before: GOULD, BEA, and BADE, Circuit Judges

Petitioner Joel Antonio Argueta petitions for review of the Board of

Immigration Appeals' ("BIA") decision denying his motion to reopen proceedings

for deferral of removal under the Convention Against Torture ("CAT") based on

changed country conditions or *sua sponte*. Argueta originally sought deferral of

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal under CAT, contending that he would face torture from the Farabundo Marti National Liberation Front political party and the Mara Salvatrucha ("MS-13") gang if deported to El Salvador because of his Christian faith. He had a hearing before an immigration judge ("IJ") in April 2021, who denied his claim for relief; he appealed the decision to the BIA, which affirmed the IJ's decision and dismissed the appeal. We denied Argueta's petition for review. *See Argueta v. Garland*, No. 21-849, 2023 WL 2535962 (9th Cir. Mar. 16, 2023).

Following our denial of the petition for review, Argueta filed a motion before the BIA to reopen proceedings based on changed country conditions or *sua sponte*. *See* 8 U.S.C. § 1229a(c)(7)(C). In support of his contention that country conditions have changed in El Salvador, Argueta provided articles about the President of El Salvador Nayib Bukele and accusations that the Salvadoran government has negotiated with the MS-13 gang or has otherwise had members of the government sanctioned by the United States. The BIA denied the motion to reopen proceedings, and Argueta timely petitioned for review of this denial. We have jurisdiction pursuant to 8 U.S.C. § 1252. We deny in part and dismiss in part the petition for review.

1. We review the BIA's denial of a motion to reopen proceedings based on changed country conditions for abuse of discretion. *See Li v. Bondi*, 139 F.4th 1113, 1120 (9th Cir. 2025) (citing *Kucana v. Holder*, 558 U.S. 233, 242 (2010)); *see*

*also Cardoso–Tlaseca v. Gonzales*, 460 F.3d 1102, 1106 (9th Cir. 2006); 8 U.S.C. § 1229a(c)(7)(C)(ii). "The BIA abuses its discretion when its denial of a motion to reopen is 'arbitrary, irrational or contrary to law.'" *Perez-Portillo v. Garland*, 56 F.4th 788, 792 (9th Cir. 2022) (quoting *Chandra v. Holder*, 751 F.3d 1034, 1036 (9th Cir. 2014)).

However, we "lack jurisdiction to review a BIA decision not to reopen proceedings *sua sponte*," *Singh v. Holder*, 771 F.3d 647, 650 (9th Cir. 2014) (emphasis added), unless that decision was based on "legal or constitutional error." *Lona v. Barr*, 958 F.3d 1225, 1227 (9th Cir. 2020) (internal quotation marks and citation omitted); *see also Li*, 139 F.4th at 1120.

2.      The BIA did not abuse its discretion in denying the motion to reopen proceedings.[1] To succeed on a motion to reopen, a petitioner must clear "four hurdles":

> (1) produce evidence that conditions have changed in the country of removal; (2) demonstrate that the evidence is material; (3) show that the evidence was not available and would not have been discovered or presented at the previous hearings; and (4) demonstrate . . . prima facie eligibility for the relief sought.

---

[1] Although a motion to reopen proceedings generally must be filed within 90 days of the final administrative order of removal, 8 U.S.C. § 1229a(c)(7)(A)–(C)(i), this deadline does not apply here because Argueta is seeking reopening based on changed country conditions. 8 U.S.C. § 1229a(c)(7)(C)(ii).

*Hernandez-Ortiz v. Garland*, 32 F.4th 794, 804 (9th Cir. 2022) (quoting *Agonafer v. Sessions*, 859 F.3d 1198, 1204 (9th Cir. 2017)). The BIA correctly concluded that Argueta's motion to reopen did not address the IJ's determinations that: (1) Argueta's claim of past torture was not credible and uncorroborated; and (2) even if credible, Argueta had not shown that he could not relocate within El Salvador. Because these are "dispositive issues" for CAT relief,[2] and Argueta did not challenge these determinations as erroneous in his motion to reopen proceedings, he "has forfeited any such challenge . . . [and] his motion to reopen fails on this ground alone" because he cannot establish a *prima facie* claim for CAT relief. *Hernandez-Ortiz*, 32 F.4th at 804–05 (citations omitted).

Regardless, the BIA did not abuse its discretion in finding that the evidence submitted by Argueta in the motion to reopen, which included recent articles about

---

[2] To establish a *prima facie* claim for deferral of removal under CAT, a petitioner must show that it is "more likely than not" that the petitioner will be tortured upon in the proposed country of removal. 8 C.F.R. § 1208.17(a); *see also Hosseini v. Gonzales*, 471 F.3d 953, 959 (9th Cir. 2006). In assessing a CAT claim, an IJ considers several factors, including:

    (i) Evidence of past torture inflicted upon the applicant;
    (ii) Evidence that the applicant could relocate to a part of the country of removal where he or she is not likely to be tortured;
    (iii) Evidence of gross, flagrant or mass violations of human rights within the country of removal, where applicable; and
    (iv) Other relevant information regarding conditions in the country of removal.

8 C.F.R. § 1208.16(c)(3). "[T]he IJ must consider all relevant evidence; no one factor is determinative." *Maldonado v. Lynch*, 786 F.3d 1155, 1164 (9th Cir. 2015) (en banc).

political corruption, "does not demonstrate a material change in country conditions arising in El Salvador since the time of his last scheduled hearing before the [IJ]." Argueta's newly submitted evidence does "not suffice to establish changed country conditions because they do not show that 'circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim' now does." *Hernandez-Ortiz*, 32 F.4th at 805 (quoting *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016)). As the BIA concluded, the presidential election in El Salvador took place in 2019, before Argueta's hearing, and Argueta previously submitted evidence of political corruption and human rights violations in El Salvador, which was considered by the IJ. Thus, the BIA did not err in concluding that Argueta's "new" evidence of political corruption failed to establish "changed country conditions" to justify reopening proceedings. Because the BIA's decision was not "arbitrary, irrational or contrary to law," the BIA did not abuse its discretion. *Chandra*, 751 F.3d at 1036 (quoting *Azanor v. Ashcroft*, 364 F.3d 1013, 1018 (9th Cir. 2004)).

3.     Although Argueta states that he "also challenges the [BIA's] decision as a violation of due process and fundamental fairness," he does not offer any further argument on this point, and thus we consider it waived. *See Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (an issue not "specifically and distinctly" argued in a petitioner's brief is deemed waived (quoting *Velasquez-Gaspar v. Barr*, 976 F.3d

1062, 1065 (9th Cir. 2020))). Because Argueta does not meaningfully contend that the BIA committed legal or constitutional error in its denial to reopen proceedings *sua sponte*, we lack jurisdiction to review that determination and dismiss the petition insofar as it seeks review on this basis. *See Singh*, 771 F.3d at 650; *Li*, 139 F.4th at 1120.

**PETITION DENIED IN PART AND DISMISSED IN PART.**[3]

---

[3] The temporary stay of removal remains in place until the mandate issues. The motion for stay of removal is otherwise denied. *See* Dkt. No. 3.

25-520